CRESAP *vs.* WINTER.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, FOR THE
PARISH OF ASCENSION, THE JUDGE OF THE DISTRICT, PRESIDING.

The wages of an overseer are prescribed, after the lapse of three years,
from the time the services are rendered, notwithstanding they may have
been continuous from the commencement to the time of instituting suit,

Where suit is for six years wages of an overseer, prescription bars so much
as has not accrued within the last three years before bringing suit,

This is an action to recover six years wages, as an overseer.

The plaintiff instituted his suit the 2d January, 1838, and alleged, that he was employed by the defendant as an overseer, to superintend his plantation and slaves, the first of January, 1832, and had continued in his employ to this time, and performed his duties faithfully, and that his services were worth one thousand dollars per annum ; that the defendant is indebted to him in the further sum of six hundred dollars for moss sold.

The plaintiff further shows, that the defendant refuses to settle with him, and pay the amount justly due. He, therefore, prays judgment for six years wages from the first January, 1832, until the first January, 1838, and for the value of his moss, amounting to six thousand six hundred dollars, and that he have a writ of provisional seizure for the last year's salary against the crop.

The defendant pleaded a general denial ; admitted, however, the plaintiff had been in his employ, but was ignorant of the business of managing a plantation, or of an overseer ; and that, in consequence of this, his crops were greatly inferior ; so much so, that, on an average, they were not sufficient to pay the expenses of the plantation, and to his damage ten thousand dollars. He also sets up an account for moneys and other articles advanced to, and on account of the plaintiff, all of which he pleads in reconvention, and also prescription.

The district judge, after hearing the evidence, adjusted the accounts between the parties, and gave judgment in favor of the plaintiff for five thousand five hundred and sixty-eight dollars, from which the defendant appealed.

*Ilsley* and *Nicholls*, for the plaintiff:

The plea of prescription, (a plea peculiarly odious in this case, unmitigated as it is by the least pretence of payment) cannot avail the defendant. · The code, treating of the prescription of *one year*, declares, that in the cases to which *this prescription* attaches, continuity is *no* bar to prescription, and thereby it certainly affirms, *ex converso*, that, in all other cases, *it is a bar—mentio unus exclusio est alterius.* The inapplicability of the law declaring continuity *no bar* to cases like the present, has been consecrated by this court, in 4 Louisiana Reports, 128 ; 10 Louisiana Reports, 201.

*Miles Taylor*, for the defendant and appellant :

1. The plaintiff sets up a verbal contract, and has failed to prove one.

2. The value of plaintiff's services, rendered to the defendant as overseer, is not proved.

3. The claim of plaintiff, for services rendered to the defendant as his overseer, at any time previous to the three years immediately preceding the institution of his suit, is barred by the prescription of three years. *Louisiana Code*, 3499, 3500, 3503 ; 6 *Martin, N. S.*, 228 ; 5 *Louisiana Reports*, 15 ; 10 *Louisiana Reports*, 204.

*Morphy, J.*, delivered the opinion of the court :

This is a suit to recover wages, as defendant's overseer, for the last six years. The petitioner claims, moreover, the proceeds of a certain quantity of moss, sold by the defendant for his account. Defendant answers, that he entrusted plaintiff with the management of his plantation, at the request of said plaintiff, who represented himself as qualified to act as an overseer, and as possessing experience and skill in the management of a sugar plantation ; that, instead of being

so qualified, the plaintiff was entirely ignorant of the business he undertook, or so intentionally mismanaged defendant's estate, that it yielded crops very inferior to what it was susceptible of producing, and hardly sufficient, on an average, to pay the expenses ; that, in consequence thereof, defendant has suffered damages to the amount of ten thousand dollars, which he demands in reconvention, together with divers other claims set forth in his answer. He pleads also the prescription of three years, given by article 3503, of the Louisiana Code, against the claims of overseers.

This plea presents the only question of law for our decision in the cause. It is urged by the plaintiff, that the continuity of his services, as overseer, presents an obstacle to the application of prescription ; that the Louisiana Code, article 3500, in treating of the prescription of one year, declares, that in the cases to which this prescription attaches, continuity is no bar to prescription, thus affirming, says the counsel, the converse proposition, that, in all other cases, it is a bar. This reasoning is far from being conclusive. Arguments thus drawn *a contrario*, seldom have the weight attached to them. They are sometimes found to be of no value at all, when the reason of the particular law is inquired into, from which an inference is attempted to be deduced. That part of article 3500, referred to, is taken *verbatim* from the Napoleon Code ; its framers found it expedient to provide in it that continuity of services should be no bar to prescription, in order to remove doubts which might otherwise have arisen, on account of the anterior jurisprudence of that country ; until then, it had been held, that the right of action of all *menial servants* accrued only when they left the service of their masters. " *N'étant pas raisonnable,*" says Legrand, " *qu'un serviteur demeurant encore au service de son maître entreprenne de lui faire une sommation.*" Thus prescription began to run only when the services ceased to be rendered. If such be the origin and intendment of that provision of the Napoleon Code, which has found its way into our laws, it should seem that an inference quite the reverse of that contended for, should be drawn from article 3500, to wit : that continuity of services

EASTERN DIST.
March, 1840.

should, *a fortiori*, be no bar to prescription for the claims of a higher grade, embraced by article 3503, and for which a longer time is provided by law. Such, moreover, seems to have been the construction heretofore given to it by this court. 5 *Louisiana Reports*, 15 ; *Coote* vs. *Cotton ;* 6 *Martin, N. S.*, 515 ; *Judice's Heirs* vs. *Brent.* As to the other claims set up against each other by these parties, we fully concur in the view taken of them by the judge below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, and that plaintiff recover of defendant two thousand five hundred and sixty-eight dollars and forty-nine and a half cents, with privilege upon the sequestered property for one thousand dollars, amount of wages for the last year, together with costs in the lower court ; those of this appeal to be borne by the plaintiff and appellee.