## ROBERT KEAGHEY *v.* WILLIAM BARNES.

One employed to superintend draymen, and to keep the accounts and make out the bills of his employer, is neither a *workman, laborer,* nor *servant,* within the meaning of art. 3499 of the Civil Code. The word *servant* in that article means a menial servant. The prescription applicable to the claim of one employed as such superintendent or clerk, is that of three years, established by art. 3503.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*W. S. Upton,* for the plaintiff.

*Larue,* for the appellant.

MARTIN, J. The plaintiff claims from the defendant wages, as his clerk, during 27 months. The general issue, and the prescription of one year, were pleaded. The services were proven, and judgment was given accordingly; but it is silent as to the plea of prescription.

The defendant kept a considerable number of drays, and the plaintiff's employment was to superintend the draymen, to keep the defendant's accounts, and to make out all his bills; and he was to receive $35 per month.

The prescription invoked is that of workmen, laborers, and servants. Civil Code, art. 3499. The plaintiff was neither a workman, nor a laborer. The word servant is *nomen generalissimum,* and in this article of the Code it must be confined to *menial* servants, otherwise it would extend to every one employed by another. We consider that the prescription available for the defendant in this case, if any there be, is that of three years (Civil Code, art. 3503), which may be invoked against the claims of overseers, *clerks,* secretaries, &c. This prescription has not been pleaded in this case; and, had it been, the lapse of time is insufficient.

*Judgment affirmed.*