## ANDREW NACHTRIB v. PRAGUE and SHERMAN.

A partnership engaged in running a sawmill, buying timber, and manufacturing lumber out of it for sale, is a commercial partnership. C. C. 2796.

A person engaged as a superintendent of a sawmill, and of the hands engaged in running it, will be regarded as an overseer, although he may himself labor, and his claim for wages is not barred by prescription under three years. C. C. 3503.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Charles M. Emerson*, for plaintiff. *Frank Haynes*, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff claims from the defendants, *in solido*, the sum of $508 11, balance alleged to be due for work and labor done for them, and care and attention bestowed by him on their business, at the rate of two dollars and a half per day, in conformity to an account annexed to the petition.

The defence is, that the claim is barred by the prescription of one year; that it is excessive, both as to the value of the services and the time charged; and that the defendants were not commercial partners, and are not liable *in solido*.

There was judgment according to the prayer of the petition, and *Sherman*, one of the defendants, has appealed. The defendants were running a sawmill, and the object of their partnership was to buy timber, and to manufacture lum-ber out of it for sale. This clearly comes within the definition of a commercial partnership, given by art. 2796 of the code ; and has been expressly adjudged to be such, in the case of *Hamblin's Succession v. Hamblin, Administratrix*. 3 R. R. 130.

We concur with the view taken by the district judge, that the plaintiff acted as the superintendent of the mill, and of the slaves attached thereto ; and that the only prescription applicable to his claim, is the prescription of three years in art. 3503. The circumstance that he was a working overseer, cannot affect his rights.

It is urged, in behalf of the appellants, that art. 3499 of the code, which estab-lishes the prescription of one year for the wages of workmen, is evidently taken from art. 2271 of the Napoleon Code. The only difference between the two, being as to the length of time after which prescription accrues ; and that the courts of France have decided, that the superintendents of workmen, and the clerks of commercial houses are included in the category of workmen, within the meaning of that article. This may be, as stated by counsel, but the Code of France does not contain, as ours does, an express provision fixing a longer period for the prescription of the wages of overseers and clerks, without regard to the manner in which those wages are stipulated to be paid. Art. 3503.

The ground that the claim is excessive, involves mere questions of fact ; and although we do not consider that appeal as being frivolous, we think the judg-ment is fully sustained by the evidence.

Judgment affirmed, with costs.