The plaintiff as the holder and owner of a note signed by the defendant, dated April 13, 1938, for $588.60, payable in 18 monthly installments, sues to recover the balance due on said note of $425.10, with interest thereon at the rate of 8 per cent per annum from October 13, 1938, until paid, and 25 per cent additional on the balance due as attorney's fees. Plaintiff also seeks to have enforced a chattel mortgage on a Chevrolet automobile executed by defendant to secure the payment of said note. The proceeding is by ordinary process, and the defendant having left the state was served through an attorney ad hoc, and only a judgment in rem for the amount of the claim is asked for as a lien and privilege against said automobile.
It is alleged that the note sued on is paraphed "ne varietur" by Elizabeth Ponder, a notary public, in and for the County of Columbia, State of Arkansas, to identify same with an act of sale and chattel mortgage acknowledged before said notary by which said act the defendant Souter purchased from the Baker Chevrolet Company of Magnolia, Arkansas, the said Chevrolet automobile and granted a chattel mortgage and vendor's privilege thereon to secure part of the purchase price represented by said note; that said chattel mortgage was duly recorded in Webster Parish, Louisiana, where said Souter was residing at the time; that a duplicate original of said chattel mortgage was annexed to the petition and made a part thereof. It is further alleged that subsequent to the execution and recordation of said chattel mortgage, the said Souter removed the mortgaged automobile from Webster Parish to the Parish of East Baton Rouge, without the knowledge and consent of plaintiff, the holder of the mortgage note, and that the *West Page 40 
said automobile is in possession of Heath Norwood, of Baton Rouge. Allegations necessary for obtaining a writ of sequestration were made, and the automobile was sequestered.
Heath and Norwood filed an intervention and third opposition in the suit claiming to be the owners of the seized automobile, basing their claim of ownership on a purchase from Souter in East Baton Rouge Parish on October 8, 1938. They deny that plaintiff has any lien and privilege on said automobile and attack the validity of the chattel mortgage on the following grounds: (1) the place of execution of the chattel mortgage is not given; (2) the domicile of the mortgagor, Souter, is not given; (3) the location of the moveable property intended to be mortgaged is not given; (4) the property is not properly described so as to be identified; (5) the purported chattel mortgage is not signed by the mortgagee and vendor; and (6) the purported chattel mortgage shows on its face that it is not an authentic act, but purports to be acknowledged by one of the witnesses before a notary public in Arkansas.
After the opposition of Heath Norwood was filed, plaintiff filed a supplemental petition alleging that when it filed the suit, it did not have available a certified copy of the chattel mortgage referred to in the original petition; that it had since obtained from the Clerk of Court of Webster Parish a certified copy of said chattel mortgage and filed same with the supplemental petition and made it a part of the petition, the certified copy to take the place of the duplicate original filed with and made part of the original petition.
Third opponents, Heath Norwood, excepted to this supplemental petition and moved that it be stricken from the record for the reason that the certified copy of the chattel mortgage filed with the supplemental petition contradicts, varies and changes the issues, as said copy is different from the duplicate original annexed to the original petition and made part thereof. This exception or motion was overruled by the court.
By agreement, the seized automobile was sold by the Sheriff and the proceeds deposited in court, to await a final decision by the court as to the rights of the parties thereto. The trial judge upheld the validity of the chattel mortgage, dismissed the intervention and third opposition of Heath Norwood and ordered the proceeds of the sale of the automobile to be turned over to the plaintiff to apply on the payment of said note. Third opponents have appealed.
The trial judge was correct in overruling the motion to strike out the supplemental petition. The duplicate original of the chattel mortgage annexed to the original petition differs from the certified copy filed with the supplemental petition in only one important particular, and that is in the duplicate original the blank space for stating the domicile of the purchaser and mortgagor is not filled in, whereas in the certified copy his domicile is given as the Parish of Webster. The material parts of the chattel mortgage are the same in the duplicate original and the certified copy; viz., the date of the execution of the act, the name of the parties, the amount of the purchase price of the automobile, the amount paid in cash, the amount of the note, the number and amount of the installments, the date of maturity of the installments, the names of the witnesses and the place and manner of execution of the act. It is obvious that the discrepancies between the duplicate original and the certified copy of the chattel mortgage are the result of errors in filling out the duplicate original. This is an ordinary proceeding, and the plaintiff had a right to amend its petition, with the leave of the court, after issue was joined, as this amendment did not alter the substance of the demand, nor operate to the disadvantage of third opponents. C.P. art. 419; Wolff v. Hibernia Bank Trust Co., 161 La. 348, 108 So. 667.
The remaining question is whether or not the chattel mortgage as shown by the certified copy was valid and binding as such on third opponents who purchased the automobile from Souter after the mortgage had been recorded in Webster Parish. The requirements for the execution of a chattel mortgage are set forth in Section 2 of Act 198 of 1918, as amended by Act 178 of 1936, as follows:
"Every such mortgage of property mentioned in Section 1 shall be in writing, setting out a full description of such property to be mortgaged, so that the same may be identified, and also stating definitely the time when the obligation shall mature. In order to affect third persons without notice, both within the Parish where recorded and outside of the Parish where recorded, but within the State of Louisiana, said instrument must be passed by notarial act, or by *West Page 41 
private act duly acknowledged by one of the parties thereto, or by a subscribing witness thereto, before a Notary Public, and the original or a certified copy thereof shall be recorded in the office of the Recorder of Mortgages in the Parish where the Act of mortgage is executed, and also at the domicile of the mortgagor; provided, further, that the right to foreclose upon said mortgage by executory process shall not be permitted unless the mortgage be by authentic act."
A comparison of the certified copy of the chattel mortgage in this case with the above requirements shows that it complies with these requirements in all respects, unless it be in one respect which we will mention later. The mortgage is in writing, describes the automobile mortgaged about as well as it could be described by giving the kind and make of car, the model, number of cylinders, type of body, serial and motor numbers, and specifies when the obligation secured shall mature. The instrument was acknowledged by a subscribing witness before a notary public in Arkansas, and under Section 3 of Act 226 of 1920, this acknowledgment has the same effect as though it had been executed before an officer of this State.
The quoted section requires that the original or a certified copy of the act of mortgage in order to affect third persons must be recorded in the office of the recorder of mortgages in the parish where the act is executed and also at the domicile of the mortgagor. The act was recorded in the parish of the domicile of the mortgagor but was not recorded in the county in Arkansas where it was acknowledged by the affidavit of a subscribing witness. It is to be presumed that the instrument was executed in the county in Arkansas where this acknowledgment was made by a subscribing witness.
It is shown by the deposition of an attorney in Arkansas that a chattel mortgage executed in that state on property to be removed immediately into another state is valid under the laws of that state without being recorded in Arkansas. It is proper to assume that Souter would remove the automobile which he purchased in Arkansas to his domicile in Webster Parish, and we are of the opinion that the recordation of the mortgage at the domicile of the mortgagor was a sufficient compliance with the above quoted section under the circumstances of this case.
We have not discussed in detail the objections outlined by third opponents to the validity of the chattel mortgage, for the reason that the certified copy met at least one of these objections, and the others were such as were not required by the quoted section of the chattel mortgage law, and if required, these requirements were complied with for the reasons we have given above.
Finding no error in the judgment appealed from, the same is hereby affirmed at the cost of third opponents in both courts.