On September 19, 1936, plaintiff instituted this suit. On September 29, 1936, defendant filed an exception of want of capacity and no cause and no right of action and a motion to elect. On January 6, 1937, plaintiff filed a supplemental and amended petition *Page 40 
and on January 9, 1937, defendant filed an exception of vagueness. On January 25, 1937, the motion to elect was overruled, the exception of no cause of action, relative to the separate demands of Paragraph 6 of plaintiff's original petition, was sustained; the plea of vagueness was sustained as to Paragraphs 5, 7 and 8 of the petition, except to the name of the officer of the corporation whose acts resulted in the transaction sued upon.
On February 8, 1937, on motion of plaintiff, an extension of thirty days was granted in which to comply with the order of court in sustaining the exception of vagueness. There was no further action taken in this case until February 26, 1941, when plaintiff filed a supplemental and amended petition to comply with the order of court of January 25, 1937, and the 30-day extension granted on February 8, 1937.
On March 10, 1941, defendant filed a motion to dismiss alleging that the order entered directing the amendment of the petition within the time stated in the extension implied that the suit would be dismissed upon failure of compliance with or disobedience of that order and that an order of dismissal should now be entered of record accordingly.
The lower court sustained the motion to dismiss and judgment was signed in accordance therewith. It is from that judgment plaintiff is prosecuting this appeal.
The suit is one for a monied judgment in the sum of $1,969.12 and is made up of various items for services rendered and monies paid out by plaintiff for the account of defendant and Article 6, to which the exception of no cause of action was sustained below on January 25, 1937, is a claim in the amount of $445.52 alleged to be due for unsold bumpers consigned to Auto-Lec Stores, Incorporated, by defendant and which defendant agreed to receive back and give credit for.
Appellant urges us to pass not only on the ruling of the lower court on the motion to dismiss but also on the ruling of the lower court sustaining the exception of no cause of action to Article 6 of its petition.
A judgment sustaining an exception of no cause of action is a definitive judgment and is subject to appeal. However, an appeal will not be allowed or considered from any judgment until it has been signed and filed of record. No judgment has ever been signed sustaining the exception and no appeal, if it had been prayed for, could have been granted, in fact, no appeal has been prayed for or granted on the exception sustained in this case. The only appeal taken was from the judgment dismissing plaintiff's suit for not complying with the order of court to amend its petition within thirty days from February 8, 1937.
This ruling, sustaining the exception of vagueness and ordering the petition amended within the stated time, did not include the penalty of dismissal for failure to comply with it. The inclusion of such a penalty was within the sound discretion of the court. There may have been a reason for not including it or it may have been an oversight. In our opinion, the penalty of dismissal cannot be implied and defendant could not have secured a judgment of dismissal at the expiration of the delay granted by the court to amend without first filing a motion to dismiss based upon the failure of plaintiff to comply with the order and on trial of the motion, if plaintiff could have shown by legal testimony good and sound reasons for his failure, the court could and should have granted further delay. On the other hand, if the order had contained the penalty of dismissal upon failure to comply with it and plaintiff made no effort to secure an extension of time prior to the expiration date of the order, defendant without motion could have secured judgment dismissing plaintiff's suit. In our opinion, this is the distinction between the two kinds of order.
A judgment of dismissal in such an instance is based upon laches or presumed abandonment of its claim by plaintiff. But in the case at bar plaintiff's suit could not be dismissed before hearing on a motion to dismiss and if it had good, sound legal grounds for not furnishing the information ordered furnished by the court within the delay granted, it did not have to take any action until an attempt to dismiss his suit was made by defendant and if defendant was not actively pushing its advantage under the court's ruling or was guilty of laches itself in failing to urge its right, we fail to see how or why plaintiff should be condemned for its laches.
Since defendant took no action of any kind until eleven or twelve days after plaintiff had complied with the order to *Page 41 
amend, although nearly four years after the expiration of the time granted by the court, we are of the opinion that defendant's motion came too late and by failing to file its motion to dismiss before the amended petition was filed, it waived its right to have plaintiff's suit dismissed for failure to comply with the order of court.
It therefore follows that the judgment of the lower court is erroneous and is now reversed and this suit is remanded to the lower court to be proceeded with in accordance with the law; costs of appeal to be paid by appellee and all other costs to await the final determination of the case.