**21 So.2d 884**

## CITY OF GRETNA v. GULF DISTILLING CORPORATION.

### No. 37461.

### March 26, 1945.

Andrew H. Thalheim, City Atty., of Gretna, for City of Gretna, plaintiff and appellant.

John E. Fleury, of Gretna, for defendant and appellee.

ROGERS, Justice.

The City of Gretna brought this suit against the Gulf Distilling Corporation for the cost of water which plaintiff claimed defendant used and failed to pay for. The suit was dismissed on exceptions and plaintiff has appealed from the judgment.

It was alleged in the original petition that on or about November 7, 1942, defendant began operating a distilling plant in the City of Gretna without having applied for water service as it was required to do under the laws of the city, and that from that date until the end of May 1943, the defendant used water from the mains of the city which had been connected with the plant of the American Distillery Corporation and also from the fire hydrants of the city. That the cost of the water consumed by defendant during the month of November 1942 amounted to $172.27, and that the cost of the water consumed by defendant for each of the months of December 1942, up to and including May 1943, amounted to $240.49 for each month, or a total cost of $1,615.23, to which a penalty of ten per cent, or $161.52, should be added, making a total amount due plaintiff $1,776.75.

To that petition defendant filed an exception of vagueness, alleging that plaintiff failed to set out the number of gallons of water used by the defendant each month and the price per gallon, and for that reason plaintiff should be ordered to amend his petition. Before the exception was fixed for trial, plaintiff filed a supplemental and amended petition. It was alleged in this petition, after reiterating all the allegations of the original petition, that paragraph 2 of the original petition should be amended so as to read as follows:

"That the defendant on or about Nov. 7, 1941, began operating a distillery plant in the City of Gretna, without ever having applied for water service from the City of Gretna, as it was required to do under the laws of the City of Gretna, and from said date until the end of May, 1942, said defendant used water from the City of Gretna water mains connected previously with the American Distilling Corporation amounting to the sum of $1,615.23, as appears from an itemized statement of account herewith attached and made a part hereof. That payment for water consumed should have been made on the 10th day of the month following service and upon failure to make payment on or before said day, a penalty of 10% additional would be imposed.

"(2) That during the latter part of April 1942, plaintiff discovered that the defendant was illegally diverting water through a two inch connection with its mains on Second Street, which line was supposed to have been discontinued and closed off, when a four inch line and meter was installed for the American Distilling Company on Fried near Front Street.

"(3) That it was also discovered that the Gulf Distilling Corporation had been using water unlawfully from the City of Gretna fire hydrants on the public sidewalks of the City and that it has not been possible to estimate the amount of water so diverted and used, but that the Gulf Corporation ought to have records to show the amount of said consumption and that

judgment should be rendered against said defendant for the value of the water so diverted and used. In the event that the defendant kept no record of the water so illegally diverted and used, the Court should fix the amount thereof and render judgment in favor of the City of Gretna therefor at the rates charged by the City of Gretna for water consumed; and petitioner is of the belief that water diverted through the said fire plugs would amount to not less than $400.00."

Attached to the petition is an itemized statement covering the amount of $1,615.23 claimed as the cost of the water illegally used by the defendant from the water mains of the City of Gretna which had been connected with the American Distillery Corporation. Plaintiff prayed for judgment in the amount shown on the itemized statement, together with an additional amount of $400, which plaintiff alleged was diverted from the fire hydrants of the city and illegally used by the defendant, or for a total of $2,015.23, together with a penalty of ten per cent thereon and five per cent interest from judicial demand.

To this supplemental and amended petition defendant also filed an exception of vagueness on the ground that the allegations of the petition were too general and indefinite to permit the defendant to safely answer.

After hearing the parties, the trial judge maintained the exception and ordered plaintiff to amend his petition by setting forth the number of gallons of water defendant used each month and the price per gallon. The judge also ordered the plaintiff to amend his petition so as to eliminate suppositions and to specifically allege whether the water line was discontinued and closed off, and to set forth specifically, as an allegation of fact, whether the defendant has or has not the records to show the amount of water consumed by it.

Plaintiff then filed a second supplemental and amended petition claiming $2,015.23 with penalties and interest. It was alleged in this petition that during the latter part of April 1942, the plaintiff discovered that the defendant had been illegally obtaining water through a two-inch line connected with plaintiff's water mains on Second Street between Amelia Avenue and Fried Street, which water line had been cut off during the month of August 1935, when the property was being operated by the American Distillery Corporation; that the defendant knew the water was being diverted through the said two inch line and also knew that there was no meter operating on said line and that the defendant had never been billed for the water passing through the said two inch line; that after the discovery by plaintiff of the illegal diversion of water by the defendant, plaintiff cut off the two inch line; that for the first month, May 1942, when the water used in defendant's manufacturing plant passed through the four inch meter located at Fried Street near Front Street, the meter showed that the defendant used 2,152,400 gallons of water for the month of May 1942, for which, based on the regular water rates, plaintiff charged defendant $240.49; that the plaintiff having no means of determining the amount of water illegally used by defendant, since it began its operations on

November 6, 1941, plaintiff charged defendant for the remainder of the month of November 1941, or for twenty-two days, $172.29, and for the months of December 1941, January, February, March and April 1942, at the rate of $240.49 a month, as shown on the itemized statement annexed to the petition as part. That the amount of water consumed and the amount due therefor for the month of May 1942 were used as a basis for the estimate of the amount due for the water illegally used by defendant for the previous six months. It is further alleged in the second supplemental and amended petition that during the early part of June 1942, at the request of defendant, a conference was held between the officers of the City of Gretna and the vice-president of the defendant corporation with reference to the claim of the city for the use of the water which had been illegally used by defendant, and that the vice-president of the defendant corporation agreed to furnish the city with the records of the corporation showing the consumption of water by the defendant, fuel costs and electric power costs as well as production records and any other data showing the consumption and use of water. Plaintiff alleges that this information was never furnished and that when an attempt was made to obtain the information in the district court for the Parish of Jefferson, during the trial of a suit by the Gulf Distilling Corporation against the City of Gretna for an injunction to prohibit the City from cutting off its water supply, defendant's objection thereto was maintained by the trial judge.

To this second supplemental and amended petition defendant further filed an exception of vagueness on the ground that the defendant had failed to comply with the order of court maintaining the exception of vagueness previously filed by defendant, and on the further ground that the original and supplemental petitions set forth two separate and distinct causes of action based on inconsistent and irreconcilable allegations of fact and that the supplemental and amended petitions sought to change the issues from those set forth in the original petition.

The trial judge maintained defendant's exception and dismissed plaintiff's suit for the following reasons, as shown by his written opinion filed in the record:

"The Court rendered judgment on the exception of vagueness only insofar as defendant contended it should be amended, that is, to furnish an itemized statement showing the number of gallons of water used each month and the price per gallon. When the second supplemental and amended petition was filed, defendant then complained again that it did not comply with the judgment of the Court ordering the plaintiff to amend in that the plaintiff should have alleged and furnished an itemized statement covering the water used in 1942 and 1943, as alleged in the original petition, but that instead it furnished an itemized statement covering a period different from that set out in its original petition, that is water used in 1941 and 1942.

"As I appreciate the pleadings, the plaintiff is bound by the allegations con-

tained in his original petition, and as stated before, there is no allegation of error, mistake or inadvertence contained in either supplemental petition because, if there was, the situation might be different, but as the matter stands, there is no question but that the demand contained in the supplemental and amended petition is entirely different from that contained in the original petition; the allegations of fact are entirely different in the amended and supplemental petitions from those in the original petition, making separate demands contrary, inconsistent and irreconcilable with each other and changing the issues from those set out in the original petition.

"Under the circumstances the defendant is entitled to a judgment maintaining its exceptions; however, the Court cannot order the supplemental and amended petitions expunged from the record and stricken out but defendant is entitled to a dismissal of the suit."

The trial judge erred in sustaining defendant's exceptions and dismissing plaintiff's suit.

The amended petitions did not introduce any new issue in the suit, nor did they alter the substance of plaintiff's demand. The action of plaintiff in renewing and increasing its demand by the amended petitions can not be regarded in any legal sense as changing the substance of plaintiff's demand. In its original petition, plaintiff claimed $1,615.23 as the cost of the water illegally diverted by defendant from the water mains and from the fire hydrants owned and operated by plaintiff. In its amended petitions plaintiff claimed that the amount of $1,615.23 was due by defendant for the water illegally diverted from plaintiff's water mains and that in addition the amount of $400 was due by defendant for the water illegally diverted through plaintiff's fire hydrants. The legal principle applicable to this phase of the case was announced by this Court in the cases of Gasquet v. Johnson, 1 La. 425; Wolff v. Hibernia Bank & Trust Co., 161 La. 348, 108 So. 667, and Martin-Owsley, Inc., v. Philip Freitag, Inc., 202 La. 554, 12 So.2d 270. In Gasquet v. Johnson this Court held that in a suit on a bill of exchange an amendment changing the amount of the bill did not alter the nature of the suit. In Wolff v. Hibernia Bank & Trust Co., which was a suit to recover commissions on sales of merchandise, plaintiff, filed an amended petition, increasing by $100 the amount claimed in the original petition. This Court held that the increase did not change the substance of plaintiff's demand. In Martin-Owsley, Inc. v. Philip Freitag, Inc., it was held that an amended petition renewing and increasing plaintiff's demand and praying for a new writ of attachment and citation was not subject to exceptions as changing the substance of the demand in the original petition, since plaintiff's action in renewing its demand, even for an increased amount, had the same effect, as the filing of a new suit.

By its amended petitions and the itemized statements thereto annexed, plaintiff made more specific the allegations of the original petition showing the estimated number of gallons of water for November and December, 1941, January, February, March and April 1942 and the actual num-

ber of gallons of water for May, 1942, and the price per gallon illegally used by the defendant. The effect of the amended petitions was to correct any defect or vagueness there might be in respect to those allegations in the original petition.

The defendant contends that plaintiff's demand as set forth in the amended petitions was for the cost of water illegally used by defendant from November 7, 1941, to the end of May, 1942, whereas in the original petition plaintiff's demand was for the cost of the water illegally used by defendant from November 7, 1942, to the end of May, 1943. That in estimating the number of gallons and the price per gallon of the water illegally consumed by defendant in 1941 and 1942, plaintiff used the actual meter reading figures for May, 1942, on which to base its estimate on the number of gallons consumed, but that defendant used the actual cost of water for May, 1943, on which to base the cost of water consumed by defendant during 1941 and 1942. Defendant's contention can not be maintained.

It is true that the itemized statement attached to the second amended petition shows the estimated cost of the water used by defendant based on the water actually consumed in May 1943. But in the amended petition itself the specific allegation is made that the meter located on Fried Street near Front Street, "showed from the recording of said four inch water meter a consumption of 2,152,400 gallons of water for the month of *May 1942*, which at the regular water rates would amount to $240.49." (Writer's italics.) The petition

then alleges that having no means of determining the amount of water illegally diverted by defendant, plaintiff billed defendant for the months of November and December 1941 and January, February, March and April of 1942 at the rate of $240.49 per month. The original petition and the first amended petition also show that defendant was billed for the months named at the rate of $240.49 per month. And the statement annexed to the first amended petition shows that the amount of $240.49 per month charged defendant is based on the cost of the water actually used by defendant in May 1942. Furthermore, this suit was filed on April 13, 1943, and the first amended petition was filed on May 3, 1943, which was before the amount of water actually used by defendant during May 1943 was ascertained.

The whole tendency of modern practice is to yield as little as possible to technicalities and to so construe pleadings to serve the ends of justice and prevent useless costs and delays. It is clear that the reference to May 1943 appearing on the statement annexed to the second amended petition is a mere clerical error which can in no way mislead defendant or prejudice defendant's rights. Nor is there any merit in defendant's complaint that the second amended petition failed to comply with the judgment of court ordering the amendment, in that plaintiff should have alleged and furnished an itemized statement showing the amount of water used by defendant in 1942 and 1943, as alleged in the original petition, and not the amount of water used by defendant in 1941 and 1942. Defendant argues that the allegations are incon-

sistent and irreconcilable and that they constitute such a change of issues as requires the dismissal of plaintiff's suit.

In support of this argument defendant cites the case of Payne v. Morgan's L. & T. R. & S. Co., 38 La.Ann. 164, 58 Am.Rep. 174. But the holding there is against the position assumed by defendant here. In that case, plaintiff's demand was for a specific sum claimed as damages for the loss of a crop of sugar cane and stubble and for the amount of labor used thereon. In an amended petition plaintiff alleged that he had erred in stating the value of the lost crop and of the stubble cane and in omitting to specify the amount expended for labor. The purpose of the amended petition was to supply the omission and correct the errors. The court held the objection that the amended petition altered the substance of the demand had the appearance of being strained and being very far sought and hence it fell of its own weight, and that the amended petition merely amplified the allegations of the original petition based on the same cause of action, and hence, it was properly received.

The alleged inconsistency in plaintiff's pleadings of which defendant complains was not specifically referred to in the exceptions of vagueness, nor did defendant in its exceptions call upon plaintiff to elect as to whether its demand was for water illegally used by defendant from November 7, 1942, to the end of May, 1943, or from November 7, 1941, to the end of May, 1942. However, it is clear that the allegation in the original petition was a mere clerical error which plaintiff sought to correct in

its amended petitions. The error is apparent on the face of the record, since, as we have hereinabove shown, the original petition was filed on April 13, 1943, and the first amended petition was filed on May 3, 1943, pursuant to the order of court signed on April 29, 1943, permitting the petition to be filed. In neither defendant's exception of vagueness filed in the original petition and to the first amended petition, nor in the judgment rendered on the exceptions, was any reference whatever made to the change of dates from 1942 and 1943, as contained in the original petition, to 1941 and 1942, as contained in the amended petition.

The effect of the allegations contained in the amended petition, indicating that plaintiff's demand is for the payment of water illegally used by defendant from November 7, 1941, to the end of May, 1942, and not as alleged in the original petition from November 7, 1942, to the end of May, 1943, is to correct an apparent error. So far as the allegations of the original and the amended petitions may be inconsistent in that respect, the allegations of the amended petitions indicate the abandonment on plaintiff's part of the allegation of the original petition. We find no reason either in law or equity for denying plaintiff the right to correct its mistake in setting forth in the original petition that its demand is for the cost of water illegally used by defendant from November 7, 1942, to the end of May, 1943. Any other ruling would be vain and useless, since plaintiff could immediately file a new suit based on the allegations contained in the amended petitions.

■ So far as it may be predicated on certain particulars which are in the defendant's possession, plaintiff's claim is not, as argued by defendant, based on mere conclusions and suppositions. Plaintiff's failure to give the particulars is due to the fact, as plaintiff alleges, that the particulars are in the possession of the defendant. This being true, defendant can suffer no disadvantage because the details of plaintiff's claim are not more fully stated in plaintiff's petition. If well founded, plaintiff's demand is not beyond relief. The defendant and not the plaintiff has the records which show the amount of water used and not paid for by defendant. Byrd v. Babin, 196 La. 902, 200 So. 294. An examination of the several petitions filed by plaintiff reveals that plaintiff has given defendant all the information that it can and that the particulars which plaintiff is unable to furnish will be disclosed by the records kept by the defendant itself.

■ The exception of vagueness is a dilatory plea. Such exceptions do not tend to defeat the action but only to retard its progress. Code of Practice, Article 332. The purpose of the exception is to compel the plaintiff to amplify and make more definite his claim in order that defendant may properly prepare his defense. It is futile to order a plaintiff to give information that he alleges is not in his possession and is not procurable by him at the beginning of the suit. No useful purpose can be served by such an order if plaintiff's allegation that the particulars are contained in the books of defendant and are readily available to him is true. The only effect of an order with which, on the face of the petition, plaintiff is unable to comply is to convert a dilatory exception into a peremptory excepton tending to the dismissal of the suit. When a plaintiff has alleged all that he can possibly allege, his petition must be met by a peremptory exception and not by a dilatory exception, such as a plea of vagueness.

Our conclusion is that the showing made by plaintiff in its several petitions entitle plaintiff to an opportunity to prove its claim. If plaintiff fails to do this it will at least have been given its day in court. If plaintiff has stated a cause of action which he can substantiate by proof, plaintiff should not be deprived of his right of recovery.

For the reasons assigned the judgment appealed from is annulled, the exceptions of vagueness are overruled, and the case is remanded to the district court for further proceedings consistent with the views herein expressed. The costs of this appeal are to be paid by the defendant, all other costs to await the final disposition of the case.