ELLIS, Judge.
The Department of Highways brought this suit against O. J. Schwabe, owner and operator of the tugboat Alice H, in per-sonam, and against the tugboat, in rem, for damages to a piling cluster forming a portion of the protection works for the Lee-ville bridge crossing Bayou Lafourche, which bridge is maintained by the Department and is part of a State highway. It is alleged that on June 14, 1952 while the tugboat was being operated by the agents of the defendant the last barge of a tow of two barges struck the piling cluster and destroyed it through the careless and reckless navigation of the vessel. Specific acts of negligence are charged, and the doctrine of res ipsa loquitur is plead. The answer admits the ownership of the boat and its operation by agents, but denies, if the piling cluster was destroyed on the day alleged, the destruction occurred through any negligence of the agents. Further, the application of the doctrine of res ipsa loquitur is denied. It is conceded that on the day in question one of the barges being towed came in contact with the piling cluster but that this collision was not of sufficient violence to destroy or even break the pilings.
The lower Court awarded judgment in favor of the plaintiff against both defendants, in solido, awarding a lien and privilege against the Alice H. From this judgment Schwabe perfected this appeal, but none was taken upon behalf of the tugboat.
The piling cluster consisted of seven pilings, all of which were broken off by some strong force, and it was necessary the entire cluster be replaced. The testimony shows beyond a doubt the tugboat Alice H passed through the bridge and that the last barge of a two barge tow struck the cluster.
The bridge tender who was on duty at the time of the collision between the barge and the cluster positively testified he saw the last barge strike the pilings. He notified the Captain of the tugboat, the following day, his tow had caused the damage, and he also made a written report to his superior concerning the accident. The tugboat tied up below the bridge and the tender stated he did not make the report until the following day because he did not know the name of the Captain.
The cluster which was destroyed had been replaced in April of 1952, and after the accident, was again replaced. This is shown by the testimony of Mr. Russell, who was employed by the Department of Highways as an engineer, and was in charge of repairs to the bridge at Leeville. He stated that in the usual course of his duties he took the photograph identified as plaintiff’s exhibit 5 within a week or 10 days after the accident. This shows the cluster to have been damaged for its useful purpose, and his further testimony is to the effect the pilings were broken toward their base. He investigated the accident and said it was necessary to replace the piling cluster in question. A picture of the replaced structure was introduced as plaintiff’s exhibit P-6. A comparison of these two photographs leads to the conclusion it was necessary to replace the structure, and there is positive testimony this work was done at the expense of the plaintiff.
The amount of the expense involved was claimed to be $882.74. The trial Court reduced this amount to $872.65, and this reduction covered the expense of two additional pilings and the labor to place them, which were added to the original 7 pilings in order to strengthen the installation.
The cost of replacement was proven and of course the reduction should have been allowed, but it is not clear from the record upon what basis the trial Court arrived at the amount to be deducted. Plaintiff, in its brief states the trial Judge offered a well-reasoned opinion which was incorporated into the record when orally rendered. However, aside from the quotations in this brief, no reasons appear in this record. Also, the appellee’s brief stated the cost of replacement was supported by the testimony of the foreman in charge of repairs for the Department of Highways, Owen M. Jordan, to be found in a supplementary transcript. The basis for the deduction might appear in this testimony but *754 there is no supplementary transcript in the record.
Be that as it may, the trial Court heard all of the evidence, and upon the question of damages its finding of facts cannot he disturbed in the absence of manifest error.
Appellant contends the plaintiff did not establish the negligence charged, and that the doctrine of res ipsa loquitur is not applicable here.
The bridge tender testified the piling cluster was not broken before the Alice H passed through the bridge; that the said tugboat “stood by” to allow a boat approaching from the opposite direction to pass; that after the latter passed that the said Alice H proceeded through the bridge. He stated “the ‘Alice H’ took off to come through the bridge and he had his barges tied loose in the back, the second barge. He was coming about 2 or 3 miles an hour. When he made his turn, his two barge, his second barge, got a little bit on the side about a foot off the first barge and caught the piling and bent it and broke.” Thus we have positive evidence by an eye-witness that the cluster was broken by one of the barges being towed under the supervision of agents of the defendant.
To this we have the added fact a report of the accident was made, and the captain of the tugboat admitted this second barge struck the cluster, but he denied the force was sufficient to break it.
In contradiction to the bridge tender’s testimony the defendant introduced three witnesses. The captain stated first, that he got out and went back to see what he had struck, and later stated he did not do so, but stayed in the tug; that he had a man on the barge. He further testified the current was traveling in the direction in which the tug and tow were proceeding. He never went back the next day to see what damage had been done, and maintained the bridge tender did riot tell him anything about damaging the pilings the following day. He later. however, testified the bridge tender had told him there was damage. His testimony is very contradictory and evidently the trial Court did not give it much weight.
One of the crew members stated he was on the extreme stem of the barge which struck the pilings, about 150 feet from the point of impact, and that the barge touched the fender works of the bridge but did not strike the pilings. His testimony is not conclusive since he admitted one cannot judge properly when on a .boat from a distance, and his testimony is contradicted by the captain and the bridge tender.
The other crew member admitted he could not see the accident from the position he was in when the collision occurred.
Again we are faced with relying upon the conclusions of the trial Court where the credibility of witnesses is concerned', and in the absence of manifest error, his findings cannot be disturbed. The defendant has not introduced any proof to show the pilings were damaged before the collision with his tow,'and the bridge tender stated positively the cluster was not damaged before this collision. The defendant’s agents admitted the barge struck the cluster, a report as to the accident was made, and the damage necessitated a replacement of the structure. Also, the bridge tender stated the last barge was tied loosely which allowed it to swing into a position where it would strike the pilings. The agents of the defendant denied the barge was loosely tied, but the evidence shows the forward portion of the barge struck the cluster, and indicates the collision occurred through negligent navigation, plus the fact the second barge was not made tight to the first. The lower Court was confronted with the witnesses, and viewing the testimony as a whole we believe positive negligence has been proven. No defense was offered except the contention that the blow struck the cluster by the barge 'was not of sufficient violence to cause the damage complained of, and there was no other explanation given to account for the damage nor any excusable reason forwarded to allow the tow to strike the protective -cluster in the manner it did.
*755 That the cluster was negligently-damaged is true since, if this was a regular and usual occurrence, where there is much navigation of the type found here, there would be the necessity of replacing such clusters very often, whereas, the record shows this is not the fact. If, then, the negligence is shown and no other force but the collision of the barge shown to have caused the damage, the doctrine of res ipsa loquitur is applicable. No contributory negligence has been plead and the damage could not have been occasioned except by the negligence of the defendant.
“As has often been said, the doctrine of res ipsa loquitur is not applicable unless the facts leave no room for any different presumption than that the defendant was negligent. The reasons for the application of the doctrine of res ipsa loquitur are set forth in the leading case on the subject, Lykiardopoulo v. New Orleans & C. R. Light & Power Co., 127 La. 309, 53 So. 575. We discussed the reasons for the doctrine in Horrell v. Gulf & Valley Cotton Oil Co., 15 La.App. 603, 131 So. 709.” Dorman v. T. Smith & Son, La.App., 55 So.2d 587, 592.
This doctrine is a rule of evidence, not one of pleading or of substantive law, and its applicability must be determined on the conclusion of the trial. See Roy v. Louisiana State Department of Agriculture & Immigration, 216 La. 699, 44 So.2d 822. And when the evidence shows the happening of an accident and the resulting damage, under this doctrine a prima facie case is established and the burden is then placed upon the defendant to show he is not at fault. See Watkins v. Gulf Refining Co., 206 La. 942, 20 So.2d 273.
The Watkins case held that, “Where damages are caused by an instrumentality under the exclusive control of a defendant and they would not ordinarily have occurred if the party having control of the instrumentality had used proper care, the doctrine of 'res ipsa loquitur’ applies.”
Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437, held that, “Where doctrine of res ipsa loquitur is applicable, plaintiff need neither allege nor prove particular acts of omission or commission from which accident resulted, the accident itself creating an inference of negligence, and to escape liability, defendant must rebut and overcome the inference.”
For the reasons hereinabove set forth the judgment of the District Court is affirmed, at appellant’s cost.