GLADNEY, Judge.
This action in tort instituted by eighteen insurance companies in subrogation for fire losses sustained under policies of insurance, was met with an exception of vagueness. In response to the plea petitioners amended, but the supplemental petition was deemed insufficient and the court a quo ordered further particularization within a specified time or dismissal. When it was conceded additional information could not be furnished, a judgment of dismissal was pronounced, Plaintiffs then perfected this appeal.
The only issue .tendered to this court is whether this suit should have been dismissed on an exception of vagueness after plaintiffs, in response to the order for particularization, announced they had alleged all the facts known to them. In brief and argument it is indicated the decree was entered because of the failure of petitioners to: (1) allege negligence with more par- *240 tieularity; or (2) allege foundation facts which would support the use of the doctrine of res ipsa loquitur.
The petition alleges that on August 31, 19S9, at approximately 12:30 o’clock p. m., a fire started on the premises at 706 Texas Street, Shreveport, which premises were occupied and used by defendant as a warehouse and that the fire spread to a building at 710 Texas Street, thereby causing the damages for which indemnification is sought. It was alleged the exact cause of the fire was unknown to plaintiffs, but that it began as the result of negligence of the defendant in certain non-exclusive particulars, to-wit:
“(a) As the result of defective wiring in the second floor of the premises occupied and under the exclusive care, custody and control of the defendant Sears, Roebuck & Company.
“(b) As the result of the negligent dropping of a match or cigarette near combustible materials by an employee of the defendant, Sears, Roebuck & Company.
“(c) The failure of the defendant company, through its employees to properly inspect and secure combustible materials stored by them in the premises.”
Plaintiffs also aver that the premises where the fire began were under the exclusive possession and control of the defendant, its agents or employees; that the cause or causes of the fire are unknown to plaintiffs except upon information and belief and could not reasonably be expected to be within their knowledge, and, therefore, plaintiffs affirmatively plead the doctrine of res ipsa loquitur.
Defendant, through its exception of vagueness, asserted the petition was vague in the following respects:
“(a) Article 7 of the petition states that the cause of the fire is unknown. Then follow a number of general 'scatter-shot’ allegations; paragraph (a) states the wiring on the second floor was ‘defective’ but does not state where or how the wiring was defective; paragraph (b) states an employee of defendant negligently dropped a match but does not indentify the employee or state when and where the match was allegedly dropped; paragraph (c) states that defendant failed to properly inspect combustible materials stored on the premises but does not State which materials it refers to, where they were located or how said materials were related to the fire.
“Paragraph 8 of the petition again states that the cause of the fire is unknown and urges the application of the doctrine of res ipsa loquitur. Defendant shows that this doctrine has no application here and that plaintiff must allege with reasonable certainty and preciseness the acts of negligence complained of, together with sufficient facts to enable defendant to properly plead thereto.”
The exception of vagueness is a dilatory plea and does not tend to defeat the action but merely retards its progress. Arts. 926(5), 933, LSA-C.C.P. Riche v. Ascension Parish School Board, La.App. 1st Cir., 1941, 200 So. 681; City of Gretna v. Gulf Distilling Corporation, 1945, 207 La. 719, 21 So.2d 884, 889. Its object is to place the defender in possession of the nature of the facts to be proved and to enable him to prepare his defense. Additionally, the exception serves to place of record evidence of matters inquired into and decided, so as to bar their future investigation. Doullut v. McManus, 1885, 37 La.Ann. 800. This court has held that a judgment sustaining an exception of vagueness following failure to comply with a ruling ordering the petition amended within a stated time is based upon laches or presumed abandonment. Interstate Electric Company v. Interstate Electric Company of *241 Shreveport, Inc., La.App.2d Cir., 1942, 6 So.2d 39.
We are not impressed by the contention of the defendant that the three above enumerated charges of negligence are lacking in particularity and require amplification. They are sufficiently explicit to conform to the Louisiana system of pleading facts. Articles 854 and 856 of the LSA-C.C.P. In addition, petitioners plead in effect that the defendant has the superior knowledge of any other pertinent facts relating to the exact cause of the fire. In discussing the use of the exception of vagueness, the Supreme Court of this state in City of Gretna v. Gulf Distilling Corporation, supra, [207 La. 719, 21 So.2d 889] declared:
“The purpose of the exception is to compel the plaintiff to amplify and make more definite his claim in order that defendant may properly prepare his defense. It is futile to order a plaintiff to give information that he alleges is not in his possession and is not procurable by him at the beginning of the suit. No useful purpose can be served by such an order’ if plaintiff’s allegation that the particulars are contained in the books of defendant and are readily available to him is true. The only effect of an order with which, on the face of the petition, plaintiff is unable to comply is to convert a dilatory exception into a peremptory exception tending to the dismissal of the suit. When a plaintiff has alleged all that he can possibly allege, his petition must be met by a peremptory exception and not by a dilatory exception, such as a plea of vagueness.”
There can be no doubt petitioners have revealed all the information within their knowledge as to the cause of the fire. The order requiring the furnishing of further particulars required plaintiffs to perform a duty, an order which manifestly they were unable to comply with. Thus, the exception of vagueness had fully performed its function and served its purpose. We are of the opinion it was error to decree the dismissal of the action under those circumstances.
We deem it unnecessary to determine whether the petition has set forth foundation facts to enable plaintiffs to go forward with evidence to support an application of the doctrine of res ipsa loqui-tur. Res ipsa loquitur is not a rule of pleading, but a rule of evidence. This point is recognized in appellee’s brief. Malone, Res Ipsa Loquitur and Proof by Inference, 4 La. Law Review 70, 92-95; Plunkett et ux. v. United Electric Service, 1948, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437; Normand v. Normand, La.App. 2 Cir., 1953 65 So.2d 914; Department of Highways v. Schwabe, La.App. 1 Cir., 1955, 79 So.2d 752.
The judgment from which appealed is annulled and set aside, and the cause is remanded for further proceedings, not inconsistent herewith. Defendant is taxed with costs of this appeal, and all other costs are to be held in abeyance pending the final determination of the case.
HARDY, J., dissents, giving written reasons.