HARDY, Judge
(dissenting).
In agreement with the recitals of the majority opinion that one purpose of the exception under consideration is directed against plaintiffs’ failure to “allege foundation facts which would support the issue of the doctrine of res ipsa loquitur”, I am in emphatic disagreement with the conclusion reached.
I concede the well established propositions that the exception of vagueness is a dilatory exception under Article 332 of the Code of Practice, and that it is primarily a rule of evidence and not of pleading. Parenthetically, I think the opinion of the majority *242 in citing articles of the new Code of Civil Procedure is subject to criticism, inasmuch as all proceedings in the instant case were had and the appeal perfected prior to the effective date thereof. However, this is a matter of form and does not affect the jurisprudence which, in my humble opinion, should require the affirmance of the judgment appealed from.
Among the basic requirements which justify application of the rule of res ipsa loquitur, our courts have repeatedly held that the instrumentality which caused the injury must be shown to have been under the control of the defendant and that the occurrence of the incident which is the basis of the action must be one which justifies the inference of negligence. These requirements are clearly delineated by the opinion of the Supreme Court in Jones v. Shell Petroleum Corporation, 185 La. 1067, 171 So. 447. They are recognized by plaintiffs, who allege in their amended petition that “ * * * the offending agent or instrumentality was under the exclusive possession and control of the defendant, its agents and employees; * *
The burden of plaintiffs’ claim in the instant case must rest upon their unjustified conclusion that the fire was the “instrumentality” which caused the damage and which was under the possession and control of the defendant. I can find no authority for this argumentative conclusion. Its acceptance would require a holding that the unexplained occurrence of any fire inevitably establishes the fact that it was caused by the negligence of the occupant of the premises where it originated. This is a violent, unwarranted and unjustified conclusion. While our jurisprudence upholds the principle that a fire caused by the negligent handling of an instrumentality (for example, a blow-torch, the spilling and igniting of gasoline, the igniting of film in a motion picture projection room, the explosion of a boiler, etc.) falls within the doctrine, I cannot find authority for the proposition that fire, per se, is or should be concluded to be attributable in every case to negligence.
In short, it is my opinion that the presumption of negligence arises only in those cases where a fire originates in an unusual manner, and, failing such presumption, the plaintiff must allege particular facts justifying an inference of defendant’s negligence. This negligence is “ * * * an essential element in the pleadings as well as in the proofs.” Dotson v. Louisiana Central Lumber Company, 144 La. 78, 80 So. 205, 207.
In Malone’s comment on the doctrine of res ipsa loquitur (op. cit. in the majority opinion) the author recognizes the requirements that the injury must be attributed to a dangerous agency, and that the defendant was in substantial control of the circumstances.
I am completely aware of the recitals of plaintiffs’ petition as to allegations bearing upon the negligence of the defendant “ * * in certain non-exclusive particulars, * * ”, but the mere reading of the alleged “particulars” discloses that they are contradictory, vague, uncertain and constitute mere possibilities. Plaintiffs could have alleged an additional score of possible contingencies which might have been due to the negligence of defendant. I am in complete agreement with the argument of counsel for defendant that these allegations are “scatter-loads”, fired by plaintiffs with only a hope of hitting a target.
The effect of the majority opinion is to completely strike down the usefulness of an exception of vagueness and is equivalent to approving a pleading by plaintiff which simply asserts damage which could have been caused by the negligence of defendant, imploring, upon the basis of these bare assertions, the assistance of the court, through application of the doctrine of res ipsa loquitur, in a fishing expedition in which the court will become the agency for the accommodation of plaintiffs.
*243 My objections comprehend other details with which I do not think it necessary to burden this dissent. Nevertheless, by way of example, I violently disagree with the following recital from the majority opinion:
“This court has held that a judgment sustaining an exception of vagueness following failure to comply with a ruling ordering the petition amended within a stated time is based upon laches or presumed abandonment. Interstate Electric Company v. Interstate Electric Company of Shreveport, Inc., La.App., 6 So.2d 39 (2d Cir.1942).”
The expression referred to, in the first place must be regarded as pure obiter, since the case before the court did not concern an order embracing the penalty of dismissal, and, secondly, there is no indication that the expression of “ * * * laches or presumed abandonment.”, is intended to be exclusive.
Again with reference to the dilatory nature of the plea of vagueness, it is material to observe that such an exception becomes peremptory and leads to dismissal of the suit when a plaintiff is unable to comply with an order of amendment. The specific authority for this principle is found in the quoted extract set forth in the majority opinion from the case of City of Gretna v. Gulf Distilling Corporation, 207 La. 719, 21 So.2d 884.
Conceding and approving the modern trend toward liberal construction as opposed to technical niceties of pleading, I think it pertinent to observe that the application of the doctrine of res ipsa loquitur should be subject to some clear-cut limitations. This rule of evidence places an onerous burden of proof upon a defendant which should not be permitted except in instances where the fundamental principles of the doctrine have been complied with. In other words, by comparison with criminal cases, the use of the doctrine is equivalent to requiring an accused to prove his innocence after the prosecution has merely asserted a charge which, if true, would constitute the commission of a crime.
For the above reasons I respectfully, but firmly, dissent.