BOLIN, Judge.
Curtis" & Son, a commercial establishment of Cullen, Louisiana, was partially destroyed by fire in June, 1966. Maryland Casualty Company paid Curtis $3800 for the fire loss and became subrogated to the rights of its insured. Midwest Dairy Products Corporation, or Jersey Gold Creameries, Inc., had placed an electric ice cream box in Curtis’s store during January of 1966. Maryland Casualty Company instituted this suit against Midwest, Jersey Gold, and United States Eire Insurance Company, .the latter being the alleged liability insurer, claiming the fire was caused by defective mechanism within the ice cream box. Joined as defendants were *676 Studebaker Corporation, the alleged manufacturer of the ice cream box, and its insurer, Zurich Insurance Company. Midwest, or Jersey Gold, and United States Fire Insurance Company answered and also filed a third party pleading making Studebaker Corporation and Zurich Insurance Company third party defendants in the event Midwest, or Jersey Gold, was cast in judgment. After answers were filed by all defendants, but prior to trial, Studebaker and Zurich filed a peremptory exception of no cause of action which was sustained. Plaintiff, Maryland Casualty, and third party plaintiffs, Midwest Dairy Products Corporation, or Jersey Gold Creameries, Inc., and their insurer appeal.
The original petition consists of 18 articles. The allegations of fact in articles (1) through (14) relate primarily to the liability of Midwest Dairy Products, or Jersey Gold Creameries. If there is a cause of action stated against Studebaker or Zurich it, therefore, must be found in articles (15) through (18), which state:
“15.
“In the alternative, and only in the event that this court should find that the defendants, Midwest and/or Jersey Gold, were not guilty of any negligence as alleged above, petitioner shows that the ice cream box was manufactured by Studebaker Corporation and that the said corporation was negligent in manufacturing and distributing a defective product.
“16.
“Continuing in the alternative, petitioner shows that the fire and the resulting damage therefrom could not have happened but for the negligence of the manufacturer; that all facts concerning the activities of the Studebaker Corporation are solely within its knowledge, having occurred while the ice cream box was (sic) its sole and exclusive control, and petitioner expressly pleads the doctrine of res ipsa loquitur herein.
“17.
“Petitioner shows that at all times mentioned herein there was in full force and effect a policy of liability insurance issued to Studebaker Corporation by Zurich Insurance Company, under which said insurer agreed to pay any damage for which Studebaker Corporation might be liable under the circumstances set forth above.
“18.
“In the further alternative, petitioner reiterates the allegations of negligence against all defendants as set forth here-inabove and shows that their combined negligence was the proximate cause of the fire and resulting loss and that all defendants should be held liable in solido.”
Appellants contend the facts alleged constituted adequate foundation for the introduction of sufficient evidence so as to make applicable the doctrine of res ipsa loquitur. Appellants primarily rely on Merrimack Mutual Insurance Company v. Sears, Roebuck & Company, 128 So.2d 239, La.App. 2 Cir. (1961).
We conclude the lower court was correct in sustaining the exception of no cause of action. A study of the four articles of plaintiff’s petition quoted supra reveals that article (15) merely states a conclusion of law that Studebaker “was negligent in manufacturing and distributing a defective product”. Article (16) is a general statement and conclusion of the pleader and does not allege sufficient facts which, if established on trial, would entitle the court to utilize the evidentiary rule or doctrine of res ipsa loquitur. This is especially so since the first fourteen articles of plaintiff’s petition allege the ice cream box was placed in the store of Curtis & Son by Midwest Dairy Products, or Jersey *677 Gold Creameries, and that the latter had agreed to maintain the box in proper working condition. Plaintiff does not contend the fire occurred while the box was in the possession of Studebaker but, to the contrary, specifically alleges the fire originated in June, 1966, while the box was in the Curtis store where it had been placed some six months before.
The Merrimack case, cited supra, is distinguishable from the instant case in many respects. In that case Sears, Roebuck & Company was sued for damages caused by a fire originating in defendant’s warehouse and allegedly caused by its negligence. Plaintiff alleged the fire was caused either by defective wiring in the premises of Sears or as the result of a match or cigarette being dropped near combustible matters by an employee of Sears or the failure of Sears to properly inspect and secure the combustible matters. Plaintiff further alleged the premises where the fire began were under the exclusive possession and control of Sears and the cause of the fire was unknown to plaintiff. Defendant filed a plea of vagueness because plaintiff failed to delineate details of Sears’s negligence. This court held an exception of vagueness was a dilatory plea which, if sustained, would require defendant to furnish additional information. Since plaintiff had alleged in its petition it had set forth all the facts within its knowledge the court held it would have been a vain and useless thing to remand the case to the district court to furnish further facts, knowledge of which plaintiff had disclaimed. Quoting from City of Gretna v. Gulf Distilling Corporation, 207 La. 719, 21 So.2d 884 (1945), the court pointed out that when a plaintiff has alleged all the facts he can possibly allege his petition must be met by a peremptory exception and not by the dilatory plea of vagueness. A peremptory exception of no cause of action has been filed in the instant case, thereby distinguishing it from the Merrimack case.
Appellants cite the cases of Doyle v. Thompson, 50 So.2d 505, La.App. 1 Cir. (1951); Serio v. Chadwick, 66 So.2d 9, La.App. 2 Cir. (1953); and Sexton v. Waggoner, 66 So.2d 634, La.App. 2 Cir. (1953) as holding that an exception of no cause of action is, in reality, but a plea of vagueness, when the basis therefor is the failure of plaintiff to allege sufficient facts to set forth a cause_ of action. We have studied the cited cases and conclude they have no relevancy to a case where the question is whether, when plaintiff admittedly alleges all the facts within his knowledge, he has sufficiently stated a cause of action which will withstand a peremptory plea of no cause of action.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.