**BOONE v. MRS. MAURER'S BAKERY, Inc.**
**No. 4940.**

Court of Appeal of Louisiana.
Second Circuit.
Feb. 5, 1935.

L. Percy Garrot, of Shreveport, for appellant.

Hunter & Hunter and Frank J. Looney, all of Shreveport, and Frank O. Looney, of Monroe, for appellee.

MILLS, Judge.

Plaintiff's petition is drawn as follows:

"1. That Mrs. Maurer's Bakery, Incorporated, a corporation duly organized and doing business under the laws of the State of Louisiana, domiciled at Shreveport, Louisiana, is indebted unto your petitioner in the full sum of $1479.92, with legal interest from date of judicial demand until paid, for this, to-wit:

"2. That the said Mrs. Maurer's Bakery, Inc., is the owner of a bakery which it has been operating for several years.

"3. That from May 1, 1931, to March 18, 1934, your petitioner was employed by Mrs. Maurer's Bakery, Inc., in the capacity of superintendent of said bakery; that during part of said time, his salary amounted to $100.00 per week; that during another part of said period of time, his salary amounted to $60.00 per week; and that during another part of said period of time, his salary amounted to $50.00 per week, and that at the beginning of said period of time, his salary amounted to $100.00 per week, but that thereafter his salary was twice reduced as above set forth.

"4. That during the above mentioned period of employment on numerous occasions his weekly salary was not paid in full and that a balance of $1479.92 remains due to him by the defendant as salary.

"5. That your petitioner did not keep a record of dates and figures, and is therefore unable to set forth herein the dates on which his salary was reduced, and the amounts paid to him on the occasions when his weekly salary was not paid in full, but that all of said particulars are set forth and contained in the books of defendant; that said books show the amounts that became due to

petitioner as salary, the dates when his salary was reduced, the amounts that were paid to him from time to time and the amounts that defendant failed to pay to him; that all the information and particulars concerning this claim are set forth in said books; and that said books disclose that a balance of $1479.92 is due and owing to petitioner by defendant as salary."

Defendant pleaded that plaintiff's petition is vague and indefinite, in that it fails to set forth the facts and details upon which plaintiff's claim is based; the periods of time for which the salary is claimed to be due; the dates when it was fixed or reduced; the items or dates of payments; or the names or authority of the officers fixing or reducing said salary.

The plea was sustained and plaintiff ordered to amend within twenty days upon pain of dismissal. No amendment having been offered within this period, judgment of dismissal was rendered, from which plaintiff has appealed.

The petition is general in its averments and unquestionably susceptible to a plea of vagueness, unless saved by the averment that plaintiff has given all the information that he can; and the further allegation that all particulars are disclosed by the books of defendant.

■ The exception of vagueness is a dilatory plea. "Dilatory exceptions" are defined in article 332 of the Code of Practice to be, "such as do not tend to defeat the action, but only to retard its progress." Their purpose is to amplify and make more definite the claim of plaintiff in order that defendant may properly prepare his defense. It is a vain and futile thing to order a plaintiff to give information that he alleges is not in his possession and is not legally procurable by him at the inception of his action. No useful end is served by such an order if the allegation is true, and for the purpose of the exception, we think it may be so taken, that the particulars requested are contained in the books of defendant and already available to him.

■ The effect of the order, compliance with which is on the face of the petition impossible, is to convert a dilatory into a peremptory exception, which tends to the dismissal of the action, a purpose entirely foreign to that of the dilatory plea. Of course, the failure of the plaintiff to give particulars within his ability, when ordered, results and should result in the dismissal of his action, but this penalty is assessed because of his laches, or presumed abandonment of his claim, and not upon the substance of his petition. We think that when a party has alleged all he can, his petition must be attacked, if it all, by a peremptory exception and not a dilatory plea of vagueness.

There are degrees of vagueness. If the allegations of a petition are so general or obscure as not to permit of the introduction of proof, it does not state a cause of action. Such a defect must be assailed with the proper weapon. In the present case, the exact amount claimed to be due, the period of employment, and its nature are given. The failure to give further particulars is explained and these particulars are shown to be in the possession of defendant. This being true, defendant is at no disadvantage because of the meager details given. Plaintiff's position is not unreasonable nor beyond belief. It is well known that the employer and not the employee keeps the books.

We think the showing made by plaintiff, in equity and fair dealing, entitles him to an opportunity to prove his claim by all legal means. If he fails to discharge his burden, he will at least have been accorded his day in court. If he has stated a cause of action which he can prove, he should not be denied a remedy.

For the reasons above assigned, the judgment appealed from is reversed, the exception of vagueness overruled, and the case remanded for further proceedings.