## HUGHES v. HARTFORD ACCIDENT & INDEMNITY CO. et al.

### No. 2093.

Court of Appeal of Louisiana. First Circuit.

April 10, 1940.

Albritton & Ware, of Baton Rouge, for appellants.

Johnson & Kantrow, of Baton Rouge, for appellees.

DORE, Judge.

On June 7, 1937, Mrs. Allie Hughes instituted a suit against the driver of an automobile, the owner of the said automobile, and the latter's public liability insurer, seeking damages for injuries which she sustained while riding as a guest in the said automobile on January 5, 1937, when it was accidentally driven off the road and wrecked. Answer to the said suit was made and issue joined, but prior to the trial thereof, on January 18, 1938, the plaintiff died.

On January 16, 1939, Mrs. Margaret Hughes Shaw, representing herself as a minor over the age of 18 years, but emancipated by marriage, together with six other persons, all majors, presented a petition to the district court, setting forth that their mother, Mrs. Allie Hughes, the plaintiff in the original action, had died, leaving no surviving spouse, but leaving them as children of her marriage with William Hughes, who had predeceased her, and praying that they be made parties plaintiff in the suit. In this petition it is averred that, while Mrs. Margaret Hughes Shaw is the only surviving child of Mrs. Allie Hughes, the original plaintiff, below the age of 21 years, yet in view of her emancipation by marriage she should be considered as a major, and consequently all the children should be substituted as parties plaintiff; but it is averred, in the alternative, that, in the event it should be decreed that the said Mrs. Margaret Hughes Shaw is a minor, in spite of her emancipation by marriage, then she should be substituted as sole party plaintiff in the suit.

After having themselves substituted as parties plaintiff, by order of date of January 16, 1939, petitioners on the same day filed a supplemental petition, claiming damages in their own right for the loss of love, affection and companionship of their mother, resulting from her wrongful death.

Defendants filed exceptions of no right or cause of action against the petition filed by the children to be substituted as parties plaintiff and against the supplemental petition seeking personal damages for the death of their mother. After hearing of the exceptions, there was judgment sustaining them in so far as they pertained or applied to the plaintiff children who had reached the age of twenty-one years; in effect holding that Mrs. Margaret Hughes Shaw, the minor emancipated by marriage, had the exclusive right of action. Plaintiffs, save Mrs. Shaw, have appealed. Defendants have not appealed from the judgment in so far as it overruled their exceptions relative to Mrs. Shaw, but they have answered the appeal of the other plaintiffs praying that the judgment be amended by sustaining the exception as to all parties relative to their right of recovery for any personal damages sustained by them.

Although the exceptions filed are in general terms, yet we gather from the arguments that they are aimed: First, to eliminate the children who have attained the age of twenty-one years from becoming parties plaintiff and to have the suit dismissed in its entirety as to them, on the ground that the minor child, though emancipated by marriage, is the sole and only party entitled to be substituted as party plaintiff; and, second, to contest the sufficiency of the allegations of the supplemental and amended petition to state a cause of action for personal damages resulting from the death of the original plaintiff. We shall discuss these contentions in the order given.

■ The petition to be substituted as parties plaintiff sets forth that Mrs. Margaret Hughes Shaw is a minor over the age of eighteen years, emancipated by marriage; that Mrs. Allie Hughes died on January 18, 1938, leaving no surviving spouse, and Mrs. Shaw, the emancipated minor, is the only child of decedent under the age of twenty-one years. The petition is somewhat vague and indefinite as to whether or not the said Mrs. Shaw was married at the time of the death of her mother. Defendants have not availed

themselves of the plea of vagueness. The exception of "no cause of action" is separate and distinct from an exception of "vagueness and insufficiency of allegations". An exception of "no cause of action", if sustained, will bring about a dismissal of the suit, while an exception of "vagueness and insufficiency of allegations" will, if sustained, result in an order to the plaintiff to amend his pleadings and make them more definite. Our understanding from the petition as a whole is that Mrs. Shaw was married, and thereby emancipated, at the time of the death of her mother, and such was the conclusion of the lower court in his consideration of the exception. Defendants contend that in the situation presented in this case, a minor child, regardless of his emancipation or the time thereof, is favored under the law to the exclusion of the major children.

■ We have had under consideration heretofore the effect, in a situation such as the one presented in this case, of the emancipation by marriage of a minor child prior to the death of either the father or mother, and we have held that, under such circumstances, a minor is classified as a major for the purposes of Civil Code, Article 2315. Richard v. Baldwin, La.App., 167 So. 872; Thornton v. Central Surety & Ins. Corp., et als., La.App., 191 So. 179; Rice et al. v. Kansas City So. Railway Co., La.App., 194 So. 444.

Defendants, in support of their position, rely upon the case of Marshall v. State Rice Milling Co., 144 La. 828, 81 So. 331. We have had the occasion to consider the latter case in the Thornton case, supra, and as set forth more fully in that decision, the minor was emancipated after the death of his mother in the Marshall case, and hence a different situation is presented than that in the case at bar.

We are of the opinion, therefore, that, as to the petition seeking to make the children parties plaintiff, the exception should have been overruled.

The second contention of the defendants is leveled at Article 2 of the supplemental and amended petition, which states: "That petitioners in addition to the right of action that survived in their favor under the first paragraph of Article 2315 of the Revised Civil Code of the State of Louisiana each have a right and cause of action against defendants for the mental pain and anguish suffered by each of them and for the loss of love, affection, companionship,

and mental and spiritual sustenance sustained by each of them *as a result of the wrongful death of their mother caused by the gross negligence and carelessness of defendants,* for which loss each is entitled to recover the sum of One Thousand and No/100 Dollars ($1,000.00), making the total sum of Six Thousand and No/100 Dollars ($6,000.00)." (Our italics.)

It is defendants' contention that this is not a sufficient allegation to show that the death of Mrs. Hughes resulted from the accident. After a careful consideration of this paragraph, together with the allegations contained in the original petition of Mrs. Hughes, we have come to the conclusion that it is sufficiently alleged that the accident caused both the injuries and the death, as was found by the trial court. We find no error in his ruling, and are of the opinion that the exception was properly overruled.

For these reasons, the judgment appealed from is annulled, reversed and set aside, and the case is hereby remanded to the lower court for hearing, the costs of this appeal to be paid by defendants-appellees, and all other costs to await the final determination of the suit.