PRICE, Judge.
This is an appeal from a judgment sustaining the peremptory exception of no cause of action filed by defendants to plaintiffs’ petition for alleged breach of contract. Plaintiffs, husband and wife, filed suit for damages alleging defendant, Jean Fore Mortgage Company, had contracted with them to “earnestly secure financing” of a townhouse at an interest rate of 7%%. Plaintiffs further allege that defendant’s failure to timely submit their loan application to the Veterans Administration by December 31, 1975, breached their contract and resulted in their suffering damages in the imposition of appreciably higher interest financing of 8%%. Plaintiffs filed a supplemental petition joining Highland Square, Inc., and Shelter Services, Inc., who they allege contracted to sell them the property. The trial court sustained the exception of no cause of action filed by each defendant and rendered judgment dismissing plaintiffs’ demands.
Although the court did not give written reasons for judgment, it apparently accepted the contention of Jean Fore that plaintiffs’ petition failed to allege facts which show specifically how Jean Fore did not fulfill its obligation to “earnestly secure” financing at the agreed 7%% rate. The exceptions of the other defendants were apparently sustained on the basis that there were no allegations by plaintiff that connected them with the alleged failure of Jean Fore to properly secure financing.
We reverse the judgment dismissing plaintiffs’ demands against Jean Fore and affirm the judgment dismissing their demand against defendants, Highland Square, Inc., and Shelter Services, Inc., for the reasons assigned in this opinion.
Defendant, Jean Fore, contends that this court should distinguish between an obligation to “earnestly secure” and an obligation to provide financing at a given interest rate. This defendant bases the exception of no cause of action on the proposition that plaintiffs do not allege facts which, if proven, would show that defendant did not fulfill its obligation to “earnestly secure” the agreed financing, and therefore, have not stated a cause of action. Defendant’s argument is a highly technical interpretation of plaintiffs’ petition and inconsistent with the Louisiana Code of Civil Procedure because under the code, liberal rules of pleadings prevail and each pleading should be so construed as to do substantial justice. When it can reasonably do so, the court should maintain a petition so as to afford a litigant an opportunity to present his evidence. La.C.C.P. art. 865, Haskins v. Clary, 346 So.2d 193 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976). In considering a petition against which an exception of no cause of action has been raised, this court has held that every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Walker v. Interstate Fire & Casualty Insurance Company, 334 So.2d 714 (La.App.2d Cir. 1976).
Because plaintiffs’ petition is vague does not mean that it is fatally deficient. A vague or ambiguous petition lends itself to a dilatory exception of vagueness under La.C.C.P. Art. 926, not to an exception of no cause of action. Haskins, supra; Brunson v. Mutual Life Ins. Co of New York, 189 La. 743, 180 So. 506 (1938). Plaintiff specifically alleged that Jean Fore agreed to undertake to procure financing for plaintiffs and breachecpt'he duty owed to them by not timely filing their loan application to take advantage of the lower interest rate. Therefore plaintiffs’ petition does state a cause of action.
The trial court was correct in sustaining the exception of no cause of action filed by defendants, Highland Square, Inc., and Shelter Services, Inc.. Plaintiffs’ allegations in their original petition base their claim against the original defendant, Jean *624 Fore, solely on the assertion that defendant breached an obligation owed them by not timely filing their application. The supplemental and amended petition joining Highland Square and Shelter Services as defendants merely alleged plaintiffs contracted to purchase the property from these defendants. None of these pleadings allege facts which connect them with the processing of plaintiffs’ loan application, and therefore, no cause of action has been alleged against these defendants.
For the foregoing reasons, the judgment dismissing plaintiffs’ demands against defendants, Highland Square, Inc., and Shelter Services, Inc., is affirmed. The judgment dismissing plaintiffs’ demands against defendant, Jean Fore Mortgage Company, is reversed, and the case is remanded for further proceedings. Costs of this appeal are taxed equally to plaintiffs and defendant, Jean Fore Mortgage Company. Assessment of other costs are to await final disposition.