405 So.2d 1125 (1981)
Brigida HALL
v.
BOARD OF SUPERVISORS SOUTHERN UNIVERSITY, etc., and Niagara Fire & Marine Ins. Co.
No. 14030.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
Writ Denied December 14, 1981.
*1126 Steve LeBlanc, Baton Rouge, for plaintiff-appellant, Brigida Hall.
John B. Noland, Baton Rouge, for defendant-appellee, Board of Supervisors, Southern University & Agricultural & Mechanican College and Niagara Fire Ins. Co.
Before ELLIS, LOTTINGER and PONDER, JJ.
PONDER, Judge.
Plaintiff appeals the dismissal of her suit against defendants for damages suffered in a shooting incident on the Southern University campus.
The sole issue is defendants' liability.
We affirm.
Plaintiff, a student at Southern University, was shot by a non-student in the lobby of her dormitory, an area commonly used as a meeting place for dormitory residents and their friends. Plaintiff's assailant, who was unknown to her, had been sitting quietly in the lobby for some twenty to thirty minutes, suddenly, without warning or provocation, pulled a revolver and shot plaintiff as she awaited an elevator. The trial court found that Southern University had breached no duty to her and dismissed her suit.
Plaintiff claims defendant Southern University breached its duty to protect her in three respects: by requiring her to live on campus without warning her of the dangers to which she would be subjected; by failing to maintain an adequate police force and to establish a security monitoring post, and by failing to bar her assailant from the campus.
Southern University is a community of 14,000 individuals. There had been some isolated incidents of violence on campus prior to plaintiff's enrollment. However, these isolated criminal activities were not sufficient to require Southern to warn all incoming dormitory residents of probable danger from criminal assault. There is no proof that living on campus increased the hazard above the ordinary. Pennington v. Church's Fried Chicken, Inc., 393 So.2d 360 (1st Cir. 1980).
We find the evidence in the record regarding the alleged inadequacy of Southern's campus security to be irrelevant. For plaintiff to establish a cause of action against defendants, there must be a causal relationship between Southern's inadequacies and the resulting injury to plaintiff. The failure to implement a given level of security protection is not a proximate cause of a particular act where the event might have occurred in spite of utmost security precautions. Gant v. Flint-Goodridge Hospital of Dillard University, 359 So.2d 279 (4th Cir. 1978); Kane v. Braquet, 368 So.2d 1176 (3rd Cir. 1979). Even the most sophisticated security forces are powerless to prevent a spontaneous, sudden and unprovoked act of violence. A security monitoring post would not have prevented this assault, since plaintiff's assailant, though a non-student, entered the campus in a vehicle bearing a valid university sticker.
There is no evidence in the record Southern was aware of the assailant's dangerous propensities. His only previous encounter with campus police concerned a refusal to pour out a can of beer. We do not find this isolated incident imposed a duty on Southern to bar him from campus.
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.