786 So.2d 927 (2001)
Terrence D. WILLIAMS, Plaintiff-appellant,
v.
STATE of Louisiana and University of Louisiana at Monroe f/k/a Northeast Louisiana University, Defendant-appellee.
No. 34,691-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2001.
*929 Davis & Saybe, L.L.P. by Michael H. Davis, Alexandria, Counsel for Appellant.
Richard A. Bailly, Louisiana Department of Justice, Counsel for Appellee.
Before GASKINS, CARAWAY and DREW, JJ.
CARAWAY, J.
This action arose after plaintiff was assaulted at gunpoint and robbed in his dormitory room at the defendant university. Plaintiff filed suit alleging the university's negligence for failing to provide adequate safety measures following prior incidents of crime on the campus. Defendants filed exceptions of no cause of action and vagueness, and the trial court dismissed plaintiffs suit with prejudice finding that plaintiff failed to state a cause of action. In view of the ruling of our supreme court in Posecai v. Wal-Mart Stores, Inc., 99-1222 (La.11/30/99), 752 So.2d 762, we reverse and remand.

Facts and Procedural History
Plaintiff, Terrence D. Williams ("Williams"), filed suit against the State of Louisiana and the University of Louisiana at Monroe (hereinafter collectively "ULM"), alleging that in January, 1999, four masked gunmen entered his dorm room at ULM and proceeded to threaten, assault, and rob him and several other students. Williams alleges negligence on the part of the university and seeks damages for his alleged injuries. The defendants filed exceptions of no cause of action and vagueness, and plaintiff responded to defendants motions by filing an amended petition setting forth the following allegations:
1. On information and belief, there were no security cameras installed at Olin Hall and/or there were no security personnel on duty at Olin Hall;
2. On information and belief, there were other instances of violence and crime that had occurred in the recent past at ULM and/or on the grounds of the university;
3. The personnel of the university knew or should have known that due to previous history, such incidents of violence were likely to occur at the university or on its grounds; and
4. ULM failed to take reasonable steps to minimize the risk to its students.
The exceptions were submitted to the trial court on briefs. The trial court sustained the defendants' exceptions of no cause of action, and dismissed Williams' petition with prejudice.

Exceptions of No Cause of Action and Vagueness
The exception of no cause of action is separate and distinct from an exception of vagueness and insufficiency of allegations. Hughes v. Hartford Acc. & Indem. Co., 195 So. 81, 82 (La.App. 1st Cir.1940). An exception of no cause of action, if sustained, can bring about a dismissal of the suit, while an exception of vagueness will, if sustained, result in an order to the plaintiff to amend his pleadings and make them more definite. Id.; La. C.C.P. arts. 926(5), 927(A)(4), 933, and 934.
*930 An exception of no cause of action is tried only on the face of the pleadings, and generally must be overruled unless allegations in the petition exclude every reasonable hypothesis other than the premise on which defense is based, or in other words, unless plaintiff has no cause of action under any evidence admissible under the pleadings. Steed v. St. Paul's United Methodist Church, 31,521, 31,522 (La.App.2d Cir.2/24/99), 728 So.2d 931, writ denied, 99-0877 (La.5/7/99), 740 So.2d 1290. The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984), reconsideration denied, 448 So.2d 1302 (La.1984); Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).
Under the Louisiana Code of Civil Procedure, liberal rules of pleadings prevail, and each pleading should be so construed as to do substantial justice. La. C.C.P. art. 865; Ranger v. Jean Fore Mortg. Co., 364 So.2d 622, 623 (La.App. 2d Cir.1978). When it can reasonably do so, the court should maintain a petition so as to afford a litigant an opportunity to present his evidence. Haskins v. Clary, 346 So.2d 193 (La.1977); Ranger, supra. In considering a petition against which an exception of no cause of action has been raised, this court has held that every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Walker v. Interstate Fire & Casualty Ins. Co., 334 So.2d 714 (La.App. 2d Cir.1976); Ranger, supra.
Because a plaintiffs petition is vague does not mean that it is fatally deficient. Ranger, supra. A vague or ambiguous petition lends itself to a dilatory exception of vagueness under La. C.C.P. art. 926, not to an exception of no cause of action. Haskins, supra; Ranger, supra; Brunson v. Mutual Life Ins. Co. of New York, 189 La. 743, 180 So. 506 (La. 1938). An exception of vagueness is a dilatory plea and does not tend to defeat the action but merely retards its progress. La. C.C.P. art. 933; City of Gretna v. Gulf Distilling Corporation, 207 La. 719, 21 So.2d 884, 889 (La.1945); Merrimack Mut. Ins. Co. v. Sears, Roebuck & Co., 128 So.2d 239 (La.App. 2d Cir.1961).
The Louisiana Supreme Court in City of Gretna, supra, discussed the exception of vagueness, as follows:
The purpose of the exception is to compel the plaintiff to amplify and make more definite his claim in order that defendant may properly prepare his defense. It is futile to order a plaintiff to give information that he alleges is not in his possession and is not procurable by him at the beginning of the suit. No useful purpose can be served by such an order if plaintiffs allegation that the practiculars (sic) are contained in the books of defendant and are readily available to him is true.
Another purpose of the exception of vagueness is to place the defender on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action and, thus, prevent its future relitigation after a judgment is obtained in the present suit. Bustamente v. Vezina, 95-556 (La.App. 5th Cir.1/30/96), 668 So.2d 1286; Washington v. Flenniken Const. Co., 188 So.2d 486 (La.App. 3d Cir.1966); Whipple v. Whipple, 408 So.2d 390, 392 (La.App. 1st Cir.1981), writ not considered, 412 So.2d 1089 (La.1982); Snoddy v. City of Marksville, 97-327 (La.App. 3d Cir.10/8/97), 702 So.2d 890, 893. However, the exception of vagueness does not entitle *931 the defendant to demand an exactitude and detail of pleading beyond those necessary for the aims of La. C.C.P. arts. 854[1] and 891.[2]Snoddy, supra. If the plaintiff's petition fairly informs the defendant of the nature of the cause of action and includes sufficient substantial particulars to enable the defendants to prepare their defense, then the exception of vagueness will be denied. Whipple, supra; Snoddy, supra.

Discussion
In granting the exception of no cause of action, the trial court's reasons for judgment cites Hall v. Board of Supervisors Southern University, 405 So.2d 1125 (La. App. 1st Cir.1981), writ denied, 407 So.2d 748 (La.1981), which involved an action against a university for injuries a student sustained in a shooting incident on the campus. The trial court read Hall as holding that the student failed to establish a cause of action against the university, because she had not proven a causal relationship between the alleged security inadequacies on the campus and her injuries. The trial court's reasons for judgment included the following quote from Hall:
The failure to implement a given level of security protection is not a proximate cause of a particular act when the event might have occurred in spite of the utmost security precautions. Even the most sophisticated security forces are powerless to prevent a spontaneous, sudden and unprovoked act of violence.
Id. at 1126. Though discussed as an issue of proximate cause, which is case specific, the broad pronouncement in Hall, as quoted above, suggests that a university would never owe a duty to attempt to protect its students from crimes perpetrated by third parties, and that the intentional tortfeasor/criminal would be solely liable.
Since Hall, our supreme court's ruling in Posecai, supra, places such a broad pronouncement in question. In Posecai, the court considered the similar duty owed by a business to its patrons regarding the criminal acts of others on the business premises. In that similar setting, the court held:
We now join other states in adopting the rule that although business owners are not the insurers of their patrons' safety, they do have a duty to implement reasonable measures to protect their patrons from criminal acts when those acts are foreseeable. We emphasize, however, that there is generally no duty to protect others from the criminal activities of third persons. [Citation omitted] This duty only arises under limited circumstances, when the criminal act in question was reasonably foreseeable to the owner of the business.
Id. at 766.
The Posecai ruling further states that the foreseeability and gravity of the harm or risk of crime are to be determined by the facts and circumstances of each case. Id. at 768. "The most important factor to be considered is the existence, frequency *932 and similarity of prior incidents of crime on the premises." Id.
In Robertson v. State Through Department of Planning and Control, 32,309 (La. App.2d Cir.12/10/99), 747 So.2d 1276, writ denied, XXXX-XXXX (La.2/25/00), 755 So.2d 882, this court reviewed the Louisiana jurisprudence concerning the university/student relationship and tort actions that arise out of that relationship. Quoting the supreme court, we observed that the court "acknowledged that universities no longer stand in loco parentis to their students, noting that attempts to foster the educational process and the growth and maturation of students had relieved universities of many of their protective duties." Pitre v. Louisiana Tech University, 95-1466 (La.5/10/96), 673 So.2d 585, 595, cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996).
While the universities in cases such as Robertson and Pitre were not liable for students' reckless acts which resulted in injuries to themselves, the universities' general duty to provide a safe campus and to act with reasonable regard for their students' safety remained constant. The question of whether such a duty extends to protect students from the criminal acts of third parties is very similar to the issue presented in Posecai. The university/student relationship, where students reside as guests or patrons in a dormitory, parallels the relationship of a business and its customers. Accordingly, following Posecai, we find that a university likewise has a duty to implement reasonable measures to protect its students in dormitories from criminal acts when those acts are foreseeable.
Based upon the above view of the university's duty, we find that Williams' petition, as amended, states a cause of action against ULM. The petition alleges that recent incidences of violence and crime occurred on the campus. The petition further alleges the lack of security measures in the dormitory at the time of the crime. Therefore, the trial court's grant of the defendants' exception of no cause of action is reversed.
The propriety of ULM's alternative exception of vagueness is a much closer issue. While the allegations concerning the crime and ULM's lack of security are sufficiently detailed, the alleged prior incidents of crime are not precisely identified. Nevertheless, it is also apparent that the particulars of the alleged prior incidents would best be revealed in ULM's records.
In Boone v. Mrs. Maurer's Bakery, Inc., 158 So. 877 (La.App. 2d Cir.1935), the plaintiff's action was dismissed on the exception of vagueness. The former employee was suing for the alleged non-payment of wages and, following the grant of the exception, had failed to amend the petition to allege the details of the wage periods in which non-payment occurred. This court reversed the dismissal of the suit, noting that "[i]t is a vain and futile thing to order a plaintiff to give information that he alleges is not in his possession and is not legally procurable by him at the inception of the action." Id. at 878. The court found that further amplification of the plaintiff's allegations was unnecessary in order for the defendant's proper preparation of the defense, since the wage records were already available to the defendant.
In this case, we likewise find that the plaintiff's allegations of prior incidents of crime on the campus are sufficient to withstand ULM's exception of vagueness. Although the test of ULM's duty will involve the weighing of the "frequency and similarity" of the prior incidents of crime under the Posecai analysis, any defense pertaining to those matters can be adequately *933 prepared by ULM based on the allegations as now pled.[3]
Accordingly, ULM's exception of vagueness is likewise overruled, and the case is remanded for further proceedings. The costs of this appeal are to be dealt with in accordance with La. R.S. 13:4521.
REVERSED AND REMANDED.
NOTES
[1] La. C.C.P. art. 854 provides:

"No technical forms of pleading are required.
All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. As far as practicable, the contents of each paragraph shall be limited to a single set of circumstances."
[2] La. C.C.P. art. 891 states in pertinent part: "The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall ... contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation..."
[3] Additionally, we note that from its own records of crimes on the premises, the defense may "point out to the court" through a motion for summary judgment that the plaintiff cannot prevail by proving any similarity or frequency of prior crimes sufficient to give rise to a duty under Posecai. La. C.C.P. art. 966. In such case, "after adequate discovery," the plaintiff must "produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." Id.