| BRITTANY CAVET | * | NO. 2024-C-0428 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| ABC INSURANCE COMPANY | * | |
| AND MAISON ST. CHARLES, | | FOURTH CIRCUIT |
| LLC | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-09372, DIVISION "J"
Honorable D. Nicole Sheppard,
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Paula A. Brown, Judge Tiffany Gautier Chase)

Barbara Malik
Law Offices of Rebecca Goforth Bush
3838 Causeway Blvd., Suite 3160
Metairie, Louisiana 70002

      COUNSEL FOR RELATOR/THIRD PARTY DEFENDANT—
      BOHNENSTIEHL ELECTRIC, INC.

E. Alexis Bevis
WADE CLARK MULCAHY, LLP
824 Elmwood Park Blvd., Suite 215
New Orleans, LA 70123

      COUNSEL FOR RESPONDENT/DEFENDANT—MAISON ST.
      CHARLES, LLC

                                 **WRIT GRANTED;**
                                 **RELIEF DENIED**
                               **AUGUST 5th, 2024**

Relator, Bohnenstiehl Electric, Inc. seeks review of the district court's July 3, 2024 written judgment, which denied its *Exception of No Cause of Action*. For the reasons that follow, we grant Relator's writ application, but we deny relief.

## FACTS AND PROCEDURAL HISTORY

On October 13, 2018, Brittany Cavet ("Plaintiff") was injured upon exiting the valet lot of Respondent, Maison St. Charles, L.L.C., when a gate malfunctioned and fell on top of her. On September 6, 2019, Plaintiff filed a *Petition for Damages* against Respondent and its unknown insurance carrier, alleging that her injuries were "caused solely by the negligence and fault" of Respondent.

Over four years later, on September 29, 2023, Respondent filed a *Third Party Demand*[1] against Relator and its unknown insurance carrier, and alleged that on October 1, 2018, Relator was contracted to and made repairs to the valet lot gate owned and operated by Respondent. Respondent further alleged that Plaintiff's injuries were caused by Relator's negligence and fault when it "failed to perform the work on the valet lot gate in a good, workmanlike manner, free from defects in

---

[1] Louisiana Code of Civil Procedure Article 1111 provides, in pertinent part, that "[t]he defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand."

1

both materials and/or workmanship and/or which failed to discover and advise [Respondent] of defects in the valet lot which caused or contributed to" Plaintiff's injuries. Finally, Respondent averred that if it was found liable to Plaintiff, Relator would be liable for indemnity and contribution.

On January 26, 2024, Relator filed an *Exception of Prematurity*[2] and an *Exception of No Cause of Action* (the "Exception") in response to the third party demand with a memorandum in support following on February 12, 2024. As stated previously, the district court denied Relator's Exception. Relator noticed its intent to seek supervisory review on July 12, 2024, and timely filed the instant writ application on July 18, 2024.

## STANDARD OF REVIEW

"An exception of no cause of action presents a question of law, so an appellate court reviews a trial court's ruling on an exception of no cause of action *de novo*." *Wakin' Bakin' L.L.C. v. Rabalais*, 23-0432, p. 4 (La. App. 4 Cir. 11/15/23), 377 So.3d 784, 787 (quoting *Cunningham v. City of New Orleans*, 21-0532, p. 9 (La. App. 4 Cir. 3/30/22), 336 So.3d 977, 986). "The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." *Johnson v. Jasmine*, 19-365, p. 3 (La. App. 5 Cir. 1/29/20), 289 So.3d 1209, 1212 (quoting *Williams v. State of La., et al.*, 34,691, p. 2 (La. App. 2 Cir. 5/9/01), 786 So.2d 927, 930). "In deciding an exception of no cause of action, a court is to consider the petition, alone, and no evidence may be introduced to support or controvert the exception; as such, all well-pleaded allegations of fact are accepted

---

[2] At the June 20, 2024 hearing, discussed later in this opinion, counsel for Relator orally withdrew the exception of prematurity. As such, we will only discuss the exception of no cause of action moving forward.

2

as true." *Jameson v. Montgomery,* 22-01784, p. 6 (La. 5/5/23), 366 So.3d 1210, 1215 (citing *State ex rel. Tureau v. BEPCO, L.P.*, 21-0856, p. 17 (La. 10/21/22), 351 So.3d 297, 309-10). "A petition generally will not be dismissed for failure to state a claim unless plaintiff has no cause of action under any evidence admissible under the pleadings." *Johnson*, 19-365, p. 3, 289 So.3d at 1212. However, if the exception of no cause of action is granted, but "the petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action generally should be overruled." *Scott v. Zaheri*, 14-0726, pp. 16-17 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 789 (quoting *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1236 (La. 1993)). "The purpose of this general rule is to prevent a multiplicity of appeals which forces an appellate court to consider the merits of the action in a piecemeal fashion." *Id.* at p. 17, 157 So.3d at 789 (quoting *Everything on Wheels*, 616 So.2d at 1236).

**DISCUSSION**

Relator argues that the district court erred in denying its Exception. Relator posits that the instant matter is "on all fours" with the *Bellard* case, wherein our Supreme Court held that "a suit alleging liability of a defendant arising solely as a result of its own fault cannot support a defendant's claim for tort indemnity." *Bellard v. ATK Construction, LLC,* 22-01715, p. 4 (La. 6/27/23), 366 So.3d 1253, 1255-56. In *Bellard*, plaintiff was a plumber working on a construction project on the University of Louisiana at Lafayette's ("ULL") campus when a defective attic/ceiling joist broke and caused him to fall. Plaintiff named as defendants the general contractor, the subcontractor, the ULL board of supervisors, and their insurers and alleged his injuries were due to the negligence of the Defendants. Plaintiff did not, however, allege any contractual privity with any of the

3

Defendants. Over one and a half years later, after learning the incident may have occurred due to rotten wood, the general contractor filed a third party demand against the seller of the wood ("third party defendant"). In response, the third party defendant filed an exception of prematurity, an exception of prescription, and an exception of no right and/or no cause of action. The district court granted the exceptions of prematurity and prescription and found the exception of no right and/or no cause of action to be moot. On appeal, the appellate court reversed and opined that La. C.C.P. arts. 1111[3] and 1113[4] permitted the general contractor to bring its tort indemnity claim against the third party defendant. The Louisiana Supreme Court granted the third party defendant's writ and immediately noted that while the thrust of the matter was based upon prescription and prematurity, the Court questioned "whether the facts alleged in the petition could ever support a third party claim for tort indemnity." *Id.* at p. 3, 366 So.3d at 1255. In support of that statement, the Court provided:

> An implied contract of indemnity arises only where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed. Thus, ***because the party seeking indemnification must be without fault, a weighing of the relative fault of tortfeasors has no place in the concept of indemnity.***

---

[3] *See* n.1 and accompanying text, *supra.*

[4] Louisiana Code of Civil Procedure Article 1111 provides, in pertinent part:

> A defendant who does not bring in as a third party defendant a person who is liable to him for all or part of the principal demand does not on that account lose his right or cause of action against such person, unless the latter proves that he had means of defeating the action which were not used, because the defendant either failed to bring him in as a third party defendant, or neglected to apprise him that the suit had been brought.

4

*Id.* at p. 4, 366 So.3d at 1255 (quoting *Nassif v. Sunrise Homes, Inc.,* 98-3193, p. 3, (La. 6/29/99), 739 So.2d 183, 185) (citations omitted) (emphasis in original).[5] Further, the Court reasoned that because a party can only be liable for its share of comparative fault,[6] a suit alleging liability solely resulting from that party's own fault cannot support that party's own claim for tort indemnity. Because plaintiff made no allegations in his petition that the general contractor was liable outside of his own negligence, the Court found that the petition sounded in tort and not contract, and remanded the matter to the district court. *Bellard,* 22-01715, pp. 4-5, 366 So.3d at 1256.

Justice Hughes concurred with the majority opinion, emphasizing that the conundrum presented by the facts was whether the general contractor had a separate cause of action against the third party defendant, "or whether, at trial, [the general contractor] simply [put] on evidence to show that the fault in [that] matter [lay] with [the third party defendant]." *Id.* at p. 5, 366 So.3d at 1256. He went on

---

[5] Regarding the connection between a claim for tort indemnity and the concept of constructive or derivative liability, we note that "[i]ndemnity shifts the *entire loss* from a tortfeasor only technically or constructively at fault to one primarily responsible for the act that caused the damage." *Nassif,* 98-3193, p. 5, 739 So.2d at 186-87 (citations omitted) (emphasis in original).

[6] Louisiana Civil Code Article 2323 provides:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

Louisiana Civil Code Article 2324(B) provides, in pertinent part:

> [L]iability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

to explain that, "[i]f the plaintiff [chose] not to join [the third party defendant], and the trier of fact allocate[d] most or all of the fault pursuant to Civil Code article 2323 to [the third party defendant], then so be it. [The general contractor was] only liable for its own share of fault." *Id.* Particularly with regard to whether the general contractor may have a separate claim outside of tort indemnity, Justice Hughes remarked:

> Louisiana has fact pleading. It is the duty of the court to apply the appropriate law. [The general contractor] may have a totally separate, non-derivative claim against [the third party defendant] that is not dependent upon plaintiff's claim against [the general contractor]. It may be solely for the cost of a defective piece of lumber, or perhaps additional construction costs related to the break-down of the joist. At this point we do not know when, how, or by whom the alleged defective joist was discovered.

*Id.*

In the matter *sub judice*, Plaintiff directly alleged that Respondent's failure to warn customers of the unsafe conditions and its failure to reroute guests from the hazardous condition created liability that could only be imputed to Respondent, the owner of the valet lot. We find that Plaintiff's allegations against Respondent are not solely constructive or derivative. After a trial on the merits, the district court could allocate any percentage of fault to Respondent, who will remain liable for any fault apportioned to it. Because Respondent's own negligence will be considered in an allocation of comparative fault, in accordance with *Bellard*, a claim for tort indemnity by Respondent cannot simultaneously exist.

Nevertheless, we note that, in keeping with Justice Hughes' concurrence, the operative facts giving rise to Respondent's tort indemnity claim are separate and distinct from the breach of contract claim. The tort indemnity claim focuses on the falling of the gate onto Plaintiff and her resulting injuries. However, the third

party demand alleged that Relator "was contracted to and made repairs to a valet lot gate" and subsequently "failed to perform the work on the valet lot in a good, workmanlike manner."  Accepting the allegations true, though "inartfully plead," we find that Relator stated a cause of action for breach of contract.  Because the petition does state a cause of action, and in accordance with the previously cited jurisprudence, we do not intend to dissect this matter in a piecemeal fashion.

## CONCLUSION

For the reasons stated above, we grant Relator's writ, but we deny relief.

**WRIT GRANTED;**
**RELIEF DENIED**