Judgment rendered
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,267-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ERICA KENNEDY
PERSONALLY AND ON
BEHALF OF MINOR CHILD,
KENYALE SIMPSON

Plaintiffs-Appellants

versus

MOREHOUSE PARISH SCHOOL
BOARD AN INCORPORATED
BODY THROUGH DEBBIE
WILSON, IN HER OFFICIAL
CAPACITY AS PRESIDENT;
AND DAVID GRAY IN HIS
OFFICIAL CAPACITY AS
SUPERINTENDENT;
MOREHOUSE PARISH SCHOOL
BOARD MEMBERS, KAREN
DIEL, LOUIS MELTON, TAB
WILKERSON, RICK HIXON,
VERONICA TAPPIN AND
ADRIN WILLIAMS; LETHA L.
HECKFORD, IN HER OFFICIAL
CAPACITY AS A MOREHOUSE
ELEMENTARY SCHOOL
TEACHER

Defendants-Appellees

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Morehouse, Louisiana
Trial Court No. 2023-225

Honorable Walter Meter Caldwell, IV, Judge

* * * * *

SMITH & NWOKORIE, LLC          Counsel for
By: Brian G. Smith                    Plaintiffs-Appellants


RANKIN, YELDELL & KATZ (APLC)     Counsel for
By: Stephen J. Katz                  Defendants-Appellees


* * * * *


Before PITMAN, HUNTER, and MARCOTTE, JJ.


HUNTER, J., concurs in part and dissents in part with written reasons.

**PITMAN, C. J.**

Plaintiff-Appellant Erica Kennedy, personally and on behalf of minor child Kenyale Simpson, appeals the district court's granting of a motion to dismiss filed by Defendant-Appellee David Gray, in his official capacity as superintendent; of an exception of insufficiency of service of process and motion for involuntary dismissal filed by Defendants-Appellees Morehouse Parish School Board (the "School Board"), through Debbie Wilson in her official capacity as president, Morehouse Parish School Board Members Karen Diel, Louis Melton, Tab Wilkerson, Rick Hixon, Veronica Tappin and Adrin Williams and Letha L. Heckford in her official capacity as a Morehouse Elementary School teacher; and of an exception of insufficiency of service of process and motion for involuntary dismissal filed by Defendants-Appellees the School Board and Heckford. For the following reasons, we affirm.

## FACTS

On June 15, 2023, Kennedy filed a petition for damages against Defendants. She stated that Heckford was employed as a teacher at Morehouse Elementary School by the School Board. She alleged that Simpson, her daughter, was present in Heckford's classroom when Heckford became angry and committed an assault and battery on Simpson. She alleged that Simpson suffered injuries to her back, neck and head from the attack and that Heckford refused to provide medical assistance to her. She stated that the school failed to address the incident and injuries, to notify her of the incident or to report the criminal act and that the school district refused to call law enforcement. Kennedy stated that she, Simpson and Simpson's father suffer mental and emotional distress caused by these

events. She requested that Defendants be held liable for all damages, costs of the proceedings and any other relief deemed necessary and proper by the court. She requested service on Gray.

On July 18, 2023, Gray filed exceptions of vagueness and no cause of action. He argued that the petition did not state the date of the alleged incident or the alleged actions of Heckford. He also argued that the petition did not note any specific act or inaction by him and, therefore, that the petition failed to state a cause of action against him.

On January 23, 2024, Kennedy filed a response to the exceptions. She alleged that Defendants had knowledge of the acts sued upon because they viewed a video showing the actions of Heckford against Simpson. She stated that Gray is responsible for the acts of his employees pursuant to respondeat superior.

On February 5, 2024, Defendants, excluding Gray, filed a declinatory exception of insufficiency of service of process and a motion for involuntary dismissal for failure to request service of citation within the time prescribed by La. C.C.P. art. 1201(C). They noted that the last line of the petition states "PLEASE SERVE DAVID GRAY, SUPERINTENDENT," but that Kennedy did not request service on any other Defendant nor had any other Defendant been served. They stated that the court record confirmed that service of citation was not requested on them within 90 days of the commencement of the action as required by La. C.C.P. art. 1201(C).

A hearing on Gray's exceptions was held on January 30, 2024. On February 15, 2024, the district court filed a judgment sustaining the exceptions of vagueness and no cause of action and granted Kennedy

2

45 days to file an amended petition to cure the exceptions; otherwise, the case would be dismissed with prejudice as to Gray.

On March 21, 2024, Kennedy filed an amended petition for damages. She named as defendants the School Board, through its president, and Heckford. She requested service on Defendants' attorney.

On April 9, 2024, the School Board and Heckford filed a declinatory exception of insufficiency of service of process and a motion for involuntary dismissal for failure to request service of citation within the time prescribed by La. C.C.P. art. 1201(C), regarding the amended petition. They argued that the filing of the amended petition did not cure the basis for the previously filed exception of insufficiency of service of process and motion for involuntary dismissal.

On April 9, 2024, Gray filed a motion to dismiss all claims against him with prejudice. He argued that the amended petition did not address the exceptions of vagueness or no cause of action and omitted him as a party defendant.

A hearing was held on May 14, 2024. The district court then filed a judgment dismissing all claims against Gray with prejudice. It found that the amended petition did not cure Gray's exceptions of vagueness and no cause of action. In a separate judgment, it sustained the other Defendants' exception of insufficiency of service of process, granted their motion for involuntary dismissal for failure to request service of citation and dismissed, without prejudice, the matter as to these Defendants. In an additional judgment, the district court sustained the School Board and Heckford's exception of insufficiency of service of process, granted their motion for

3

involuntary dismissal for failure to request service of citation and dismissed, without prejudice, the amended petition.

Kennedy appeals.

## DISCUSSION

*Motion to Dismiss*

Kennedy argues that the district court erred in granting Gray's motion to dismiss. She contends that the amended petition cured any issue regarding vagueness and no cause of action. She argues that the School Board is responsible for the acts of its employees under respondeat superior and that Gray as superintendent knew of Heckford's acts and failed to respond.

Defendants argue that the district court properly dismissed all claims against Gray. They state that Kennedy's petition did not allege any act or inaction by Gray and that the amended petition omitted him as a defendant. They note that La. R.S. 17:439 provides immunity for school employees from tort actions and that Kennedy made no allegations that Gray acted maliciously, willfully or deliberately to cause bodily harm, to harass or intimidate Simpson or that his actions were outside the course and scope of his employment.

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So. 2d 1234 (La. 1993). An exception of no cause of action is triable on the face of the petition; and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Indus. Companies, Inc. v. Durbin*,

4

02-0665 (La. 1/28/03), 837 So. 2d 1207. It should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Badeaux v. Sw. Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. *Id.* Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Indus. Companies, Inc. v. Durbin*, *supra*.

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. C.C.P. art. 934. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue or theory shall be dismissed. *Id.*

In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should conduct a *de novo* review because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. *Indus. Companies, Inc. v. Durbin*, *supra*.

La. R.S. 17:439 states in part:

A. Except as otherwise provided in this Section, no person shall have a cause of action against any school employee based on any statement made or action taken by the school employee provided that the action or statement was within the course and scope of the school employee's duties as defined by the school board in which the school employee is employed and was

5

within the specific guidelines for school employee behavior as established by that school board.

B. As used in this Section, the terms "school employee" means any school employee who has direct contact with students in the course and scope of the school employee's duties as defined by the school board by which the school employee is employed, and includes but is not limited to school-based administrators, classroom teachers, coaches, librarians, counselors, teachers' aides, clerical employees, lunchroom workers, custodial workers, school bus operators, and school bus operators' aides.

C. The immunity from liability established by this Section shall not apply to any action or statement by a school employee that was maliciously, willfully, and deliberately intended to cause bodily harm to a student or to harass or intimidate a student.

The exception of no cause of action is separate and distinct from an exception of vagueness. *Williams v. State*, 34,691 (La. App. 2 Cir. 5/9/01), 786 So. 2d 927. An exception of no cause of action, if sustained, can bring about a dismissal of the suit, while an exception of vagueness will, if sustained, result in an order to the plaintiff to amend his pleadings and make them more definite. *Id*.

The purpose of the exception of vagueness is to place the defendant on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action, thus preventing future relitigation after a judgment is obtained. *Port City Glass & Paint Inc. v. Brooks*, 52,534 (La. App. 2 Cir. 2/27/19), 266 So. 3d 516. If the plaintiff's petition fairly informs the defendant of the nature of the cause of action and includes sufficient substantial particulars to enable the defendant to prepare its defense, then the exception of vagueness will be denied. *Id*. An appellate court reviews a judgment on an exception of vagueness under the manifest error standard of review because the district court's judgment is based on a factual determination. *Id*.

6

In her petition, Kennedy failed to state a cause of action against Gray. There were no well-pleaded facts in the petition to accept as true—it was void of any allegation of actions or inactions by Gray, in his capacity as superintendent, that would entitle Kennedy to relief. Kennedy made no allegations that Gray was not immune from liability pursuant to La. R.S. 17:439(C). The petition was also impermissibly vague as it failed to inform Gray of the nature of the cause of action against him or to include sufficient substantial particulars to enable him to prepare a defense. Although the district court granted Kennedy an opportunity to cure these exceptions, she failed to do so. In her amended petition, Kennedy did not include Gray as a defendant or add any allegations against him. Therefore, the district court correctly found that the amended petition did not cure Gray's exceptions of vagueness and no cause of action and dismissed, with prejudice, Kennedy's claims against him.

Accordingly, this assignment of error lacks merit.

*Insufficient Service*

Kennedy argues that the district court erred in sustaining the exceptions of insufficiency of service of process and granting the motions for involuntary dismissal. She contends that the amended petition relates back to the original petition.

Defendants argue that the district court properly sustained their exceptions of insufficiency of service of process and granted their motions for involuntary dismissal. They state that only Gray was served with the original petition as Kennedy requested that only he be served. They allege that Kennedy did not request service on the other Defendants within 90 days of the commencement of the action and that, at the time of filing their

7

appellate brief, she still had not requested service on Defendants. They further state that the amended petition only named as defendants and requested service on the School Board and Heckford. They argue that the filing of the amended petition did not cure the exceptions of insufficiency of service of process because no service was ever requested of the original petition on anyone other than Gray. They also contend that Kennedy's argument that the amended petition related back to the original petition is not applicable to the facts of this case.

Service of the citation shall be requested on all named defendants within 90 days of commencement of the action. La. C.C.P. art. 1201(C). If the requirements of La. C.C.P. art. 1201(C) are not followed, a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C) is the proper procedural vehicle for an aggrieved party to obtain a dismissal of the claims against it. *Filson v. Windsor Ct. Hotel*, 04-2893 (La. 6/29/05), 907 So. 2d 723. La. C.C.P. art. 1672(C) states:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) . . . upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

A trial court's dismissal of a suit for failure of the plaintiff to timely request service is subject to the manifest error standard of review. *Wilson v. Dep't of Pub. Safety & Corr.*, 53,433 (La. App. 2 Cir. 4/22/20), 295 So. 3d 1274, *writ denied*, 20-00717 (La. 9/29/20), 301 So. 3d 1176. However, when the facts are not disputed and the issue before the court is whether the district court properly interpreted and applied the law, the standard of review

8

for questions of law is simply a review of whether the district court was legally correct or incorrect.  *Id*.

In this case, Kennedy requested service of citation within 90 days of commencement of the action only on Gray—she did not request service on any other named defendant and did not show good cause as to why service could not be requested.  Regarding the original petition, Defendants followed the proper procedure by filing an exception of insufficiency of service of process and a motion for involuntary dismissal, and the district court did not err in granting this exception and motion.  Regarding the exception of insufficiency of service of process and motion for involuntary dismissal filed by the School Board and Heckford in response to the amended petition, the district court also did not err in granting this exception and motion.  Kennedy's argument that the amended petition related back to the original petition is inapplicable to the facts of this case.[1]  The amended petition did not cure the insufficient service of process of the original petition because Kennedy never requested service of the original petition on anyone other than Gray.

---

[1] In her brief, Kennedy, quoting *Ray v. Alexandria Mall, Through St. Paul Prop. & Liab. Ins.*, 434 So. 2d 1083 (La. 1983), contends that the amended petition relates back to the original petition as it meets the following criteria:
> (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
> (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
> (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
> (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

These criteria do not apply to the facts of this case as Kennedy did not attempt to substitute a new defendant in the amended petition.  The defendants named in the amended petition were named in the original petition.  The issue in this case is that these defendants were not served with the original petition.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the district court's granting of the motion to dismiss, sustaining of the exceptions of insufficiency of service of process and granting of the motions for involuntary dismissal. Costs of this appeal are assessed to Plaintiff-Appellant Erica Kennedy.

**AFFIRMED.**

**HUNTER, J., concurring in part and dissenting in part.**

I concur with the portion of the district court's judgment granting the exception of no cause of action. However, I dissent from the judgment sustaining defendants' declinatory exception of insufficiency of service of process and granting the motion for involuntary dismissal filed by the Morehouse Parish School Board and Letha L. Heckford. Unlike in the plaintiffs in the companion cases, *White v. Morehouse Par. Sch. Bd.*, 56,267 (La. App. 2 Cir. 5/21/25), 2025 WL 1456229 and *Robinson v. Morehouse Par. Sch. Bd.*, 56,289 (La. App. 2 Cir. 5/21/25), 2025 WL 1456202, plaintiff herein was ordered to amend her petition, and she filed the amended petition within 45 days as ordered. Notably, the order granting plaintiff leave to amend the petition after defendants filed the declinatory exception and motion for dismissal.

LSA-C.C.P. art. 1153 provides a means by which the action or defense asserted in an amended petition can relate back to the date of filing the original petition, thereby avoiding dismissal. LSA-C.C.P. art. 1153 provides:

> When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.

In *Acuff v. Treece*, 24-0058 (La. App. 4 Cir. 3/18/24), 390 So. 3d 283, *writ denied*, 24-00474 (La. 6/19/24), 386 So. 3d 316, the Fourth Circuit applied the "relation back" principle of prescription to the tolling of the 90-day deadline set forth in L. C.C.P. art. 1201(C). In *Acuff*, *supra*, the plaintiffs filed a lawsuit against the defendants in 2019; the plaintiffs later

1

filed a first amending petition expanding their claims. In 2020, the trial court stayed the proceedings in state court pending resolution of a related proceeding in federal court. No further action was taken in the lawsuit until April 7, 2023, when the plaintiffs filed a motion to lift the stay and to file a second amendment to the petition. On August 2, 2023, the trial court granted plaintiffs' motion to lift the stay and amend the petition; the court signed a judgment deeming the petition filed "as of April 7, 2023." Subsequently, the plaintiffs requested service and citation on the defendants. The defendants filed an exception of insufficiency of service of process, or alternatively, motion for involuntary dismissal. The defendant argued plaintiff did not request service of citation within 90 days of filing the lawsuit as required by La. C.C.P. art. 1201(C). The trial court denied the exception, and the court of appeal affirmed, stating:

> The procedural history of this case indicates service was timely requested pursuant to La. C.C.P. art. 1201(C). Specifically, the relevant date to start the tolling of the La. C.C.P. art. 1201 ninety-day service requirement is August 2, 2023, the date of the signing of judgment lifting the stay and granting leave to amend.
>
> ***
>
> Two issues precluded service of Plaintiff's second amended petition: (1) the February 20, 2020 stay order and (2) an order granting leave from the trial court to file the second amended petition. *** Thus, until the trial court lifted the stay, no action was permitted in the case. Couple this suspensive condition with the fact that Plaintiffs could not request service of the second amended petition until the trial court issued an order granting leave to do so.
>
> ***
>
> It appears Plaintiffs' inclusion of the April 7, 2023 date in the judgment caused confusion as to the relevant date to start the tolling of La. C.C.P. art. 1201(C). The insertion of the date was unnecessary as La. C.C.P. art. 1155 allows amended and supplemental petitions to relate back to the date of the original petition.

*Id*. at 285-6.

2

In the instant case, on February 15, 2024, the district court signed the judgment granting plaintiff 45 days to file an amended petition. Plaintiff filed the amended petition on March 21, 2024, within the 45-day timeframe as order by the court. The relevant date to start the tolling of the 90-day service requirement was February 15, 2024, the date the district court signed the judgment granting leave to amend the petition. Plaintiff requested service and served counsel for Heckford and the MPSB within the 90-day timeframe. Counsel acknowledged he received service, and he did not make a limited appearance for the sole purpose of defending the actions.

Articles of the Code of Civil Procedure are to be construed liberally and with due regard for the fact that forms of procedure implement the substantive law and are not an end in themselves. La. C.C.P. art. 5051. Therefore, weighing all factors in the light most favorable to affording these litigants their day in court, while safeguarding due process protections, I believe the timely request service of the amended petition should relate back and cure the failure to timely request service as to the original petition.

Accordingly, I would reverse the district court's ruling sustaining the exception of insufficient service of process and granting the motion to dismiss the petition.